**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MICROBOT MEDICAL INC.<br><br>　　　　　　　　　　Plaintiff,<br>　　　v.<br>ALLIANCE INVESTMENT MANAGEMENT LTD.,<br><br>　　　　　　　　　　Defendants. | No. 19-3782<br><br>**COMPLAINT FOR RECOVERY OF SHORT SWING PROFITS UNDER 15 U.S.C. § 78p(b)**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Microbot Medical Inc. ("Microbot" or the "Company"), by Plaintiff's attorneys, as and for the Complaint herein, respectfully alleges as follows on knowledge as to itself and its own acts, and on information and belief as to all other matters:

## NATURE OF ACTION

1. This is an action to recover "short-swing" profits under Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Act"), 15 U.S.C. § 78p(b).

2. Section 16(b) is a strict liability statute. A plaintiff must prove only that the defendant was an insider of a public company who profited from the purchase and sale of the company's securities within a period of less than six months. Evidence of the defendant's intent, misuse of information, or bad faith is irrelevant and not required. Section 16(b) is not punitive, and insiders are simply required to disgorge profits realized in violation of the Act.

3. Defendant Alliance Investment Management Ltd. ("Alliance") was, at all relevant times (meaning at all times during the period of the short-swing trading alleged herein), a beneficial owner of more than 10% of the Company's outstanding common stock and a statutory insider of the Company, and profited from purchases and sales of the Company's common stock within a period of less than six months. Alliance must return the profits realized from these transactions to the Company.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to Section 27 of the Act, 15 U.S.C. § 78aa.

5. Venue is proper in this Court pursuant to Section 27 of the Act, 15 U.S.C. § 78aa. At all relevant times, Microbot common stock was traded on the NASDAQ, an exchange headquartered and located within this District. One or more of the purchases or sales giving rise to liability as alleged herein occurred on the NASDAQ within the District. Alliance is a Jamaican financial services firm engaged in the business of investing in and trading securities and managing and/or maintaining custody of client accounts invested in and trading securities, including the Company's securities, on exchanges and markets located in this District. Additionally, Defendant Alliance is a non-resident alien entity in relation to the United States, and venue is proper in any U.S. district, including this District, pursuant to 28 U.S.C. § 1391(d).

## THE PARTIES

6. Plaintiff Microbot is a Delaware corporation, with principal executive offices at: 25 Recreation Park Drive, Unit 108, Hingham Massachusetts 02043. The Company is in the business of creating micro-robotic technology devices for use in various fields of medicine.

7. Upon information and belief, Defendant Alliance is a financial services and asset management firm and Jamaican registered company (Companies Office of Jamaica Reg. No. 55495), with offices at 7 Belmont Road, Saint Andrew, Kingston 5, Jamaica. Alliance purports to offer exclusively non-U.S. customers access to the U.S. securities trading markets by opening online trading accounts managed and maintained by Alliance.

**STATUTORY REQUISITES**

8. At all relevant times, Microbot's common stock was registered under Section 12(b) of the Act, 15 U.S.C. § 78*l*.

9. At all relevant times, Alliance was the "beneficial owner" of more than 10% of the outstanding common stock issued by Microbot, and a corporate insider of the Company subject to Section 16(b).

10. This action is brought within two years of the occurrence of the violations described herein, or within two years of the time when Alliance was required to report any transactions in reports required to be filed with the SEC under Section 16(a) of the Act, 15 U.S.C. § 78p(a). The statute of limitations has not yet begun to run on any transactions that were either not reported or misleadingly reported by Alliance, and not otherwise publicly disclosed or available to the Plaintiff.

11. No exemptions are available to Alliance, or to the transactions giving rise to Section 16(b) liability, as further described herein.

**SHORT SWING TRADING BY ALLIANCE**

12. On January 17, 2019, Alliance filed a Form 3 with the SEC, indicating that, as of November 16, 2018, Alliance was the "beneficial owner" of a total of 300,320 shares of Microbot common stock, amounting to approximately 10.09% of the Company's total outstanding common stock.

13. On January 17, 2019, Alliance also filed a Form 4 with the SEC, in which Alliance reported engaging in the following purchases and sales of Microbot common stock, on the dates and at the prices indicated below, while Alliance was the beneficial owner of more than 10% of

Microbot's outstanding common stock, and a statutory insider of Microbot for purposes of Section 16 of the Act:

| Date | Transaction | Number of Shares | Price/Share |
|---|---|---|---|
| November 19, 2018 | Purchase | 2,400 | $2.9975 |
| November 21, 2018 | Purchase | 24,873 | $2.2114 |
| November 21, 2018 | Sale | 6,309 | $2.9556 |
| November 26, 2018 | Purchase | 37,986 | $1.9541 |
| January 8, 2019 | Sale | 2,269 | $2.6983 |
| January 9, 2019 | Purchase | 14,280 | $2.1873 |
| January 9, 2019 | Sale | 1,280 | $2.2678 |
| January 14, 2019 | Purchase | 1,773 | $6.4391 |
| January 14, 2019 | Sale | 281,273 | $8.1554 |

14. The purchases and sales listed in the table above may be matched, using the "lowest in, highest out" method, to calculate a total of approximately $481,011 in short swing profits realized by Alliance, and recoverable by the Company under Section 16(b).

## COUNT I

**(Profits Recoverable Under Section 16(b) of the Securities Exchange Act)**

15. Plaintiff repeats and re-alleges the allegations in Paragraphs 1-14, above.

16. Alliance had a direct or indirect "pecuniary interest" in all of the shares of Microbot common stock purchased and sold in the transactions identified in Paragraph 13, above.

17. Alliance realized short swing profits of approximately $481,011 as a result of the transactions identified in Paragraph 13, which Alliance must disgorge to the Company under Section 16(b).

## COUNT II

18. As a precaution against possible errors of detail attributable to inaccuracies in the public record, Count II preserves Plaintiff's right to pursue additional profits potentially owed by

Alliance to the Company as a result of additional transactions discovered during the course of this action.

19. Specifically, Alliance appears not to have reported or otherwise disclosed one or more transactions in Microbot common stock, during the period between July 2, 2018 (the date on which Alliance's manager signed Alliance's Schedule 13D filing with the SEC, which reported Alliance's cumulative "beneficial ownership" of approximately 5.69% of Microbot's outstanding common stock, as defined for purposes of Sections 13(d) and 16 of the Act) through November 16, 2018 (the date on which Alliance disclosed more than 10% beneficial ownership of Microbot's outstanding common stock, as reported on Alliance's Section 16 filings with the SEC and described in Paragraphs 12-13 of COUNT I, above).

20. Plaintiff intends to discover any unreported transactions by Alliance while Alliance was a statutory insider of the Company during the course of this action, which may increase Plaintiff's estimate of Alliance's Section 16(b) liability to the Company (as calculated in COUNT I).

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury as to all issues so triable.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment:

(a) Requiring Defendant to account for and pay to Plaintiff the short swing profits recoverable from it under the Act, together with appropriate pre- and post-judgment interest and costs of this suit;

(b) Awarding to Plaintiff its costs and disbursements, including reasonable attorney's, accountant's, and expert witness fees; and

(c) Granting such other and further relief as the Court deems just and proper.

Dated: April 28, 2019

*s/ Miriam Tauber*

Miriam Tauber (MT-1979)
MIRIAM TAUBER LAW PLLC
885 Park Ave. 2A
New York, NY 10075
(323) 790-4881
MiriamTauberLaw@gmail.com

*s/ David Lopez*

David Lopez (DL-6779)
LAW OFFICES OF DAVID LOPEZ
P.O. Box 323, 171 Edge of Woods. Rd.
Southampton, NY 11969
(631) 287-5520
DavidLopezEsq@aol.com

*Attorneys for Plaintiff Microbdot Medical, Inc.*