**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MICROBOT MEDICAL INC.<br><br>                              Plaintiff,<br><br>              v.<br><br>ALLIANCE INVESTMENT<br>MANAGEMENT LTD.,<br><br>                              Defendant. | No. _____<br><br>**FIRST AMENDED COMPLAINT<br>FOR RECOVERY OF SHORT SWING<br>PROFITS UNDER 15 U.S.C. § 78p(b);<br>AND TO COMPEL COMPLIANCE<br>WITH THE REPORTING<br>REQUIREMENTS OF THE<br>WILLIAMS ACT, 15 U.S.C. § 78m(d)** |

19-CV-3782 (GBD)

Plaintiff Microbot Medical Inc. ("Microbot" or the "Company"), by Plaintiff's

attorneys, as and for Plaintiff's First Amended Complaint herein, respectfully alleges as follows

on knowledge as to itself and its own acts, and on information and belief as to all other matters:

## NATURE AND OBJECT OF THIS ACTION

1.      This is an action to recover "short-swing" profits under Section 16(b) of the

Securities Exchange Act of 1934, as amended (the "Act"), 15 U.S.C. § 78p(b).

2.      Section 16(b) is a strict liability statute. A plaintiff must prove only that the

defendant was an insider of a public company who profited from the purchase and sale of the

company's securities within a period of less than six months. Evidence of the defendant's intent,

misuse of information, or bad faith is irrelevant and not required. Section 16(b) is not punitive,

and insiders are simply required to disgorge profits realized in violation of the Act.

3.      Defendant Alliance Investment Management Ltd. ("Alliance") was, at all relevant

times (meaning at all times during the period of the short-swing trading alleged herein), a

beneficial owner of more than 10% of the Company's outstanding common stock, and a statutory

insider of the Company, and profited from purchases and sales of the Company's common stock

within a period of less than six months. Alliance must return the profits realized from these transactions to the Company.

4.      This action is also brought to compel Alliance to comply with the reporting requirements of Section 13(d) of the Act and applicable SEC Rules. Under Section 13(d), Avalon was required to file Schedule 13D reports with the SEC upon attaining a more-than 5% beneficial ownership stake in Microbot's common stock, and to file subsequent amended Schedule 13D reports upon any "material increase or decrease" in the percentage of Alliance's beneficial ownership interest, which specifically includes any increase or decrease equivalent to or effecting a 1% change in Alliance's beneficial ownership.

5.      Alliance filed an initial, but belated and incomplete, Schedule 13D report on July 2, 2018, indicating Alliance's acquisition of a more-than 5% beneficial ownership interest in Alliance common stock as of June 21, 2018. Alliance failed to file any amended Schedule 13D reports required under Section 13(d)—even as Alliance subsequently acquired a more-than 10% Microbot beneficial ownership stake (of 300,320 shares of Microbot common stock), as of November 16, 2018, and engaged in Microbot transactions, including the short swing transactions giving rise to Section 16(b) liability, as further alleged herein, which ultimately reduced Alliance's total beneficial ownership interest to a single share of Microbot common stock as of January 16, 2019 (as Alliance reported in SEC Form 3 and Form 4 reports, which Alliance was separately required, and failed to timely file, as a Section 16 "insider").

6.      Alliance's failure to file complete, accurate, and timely beneficial ownership and insider trading disclosures are not mere technical violations of the Act, but a deliberate and calculated concealment by Alliance of their purchases and sales of Microbot common stock

within periods of less than six months and of their need to account and pay over to Microbot resulting short swing profits as required by Section 16(b).

7.      This action seeks injunctive relief to compel Alliance to file with the SEC and to disseminate publicly all necessary Schedule 13D filings and amended filings with respect to Alliance's beneficial ownership of Microbot common stock during the six months preceeding June 11, 2018, and thereafter. This suit also seeks injunctive relief to compel Alliance to file with the SEC a corrected Form 3 report as required to truthfully disclose the date on which Alliance entered into a more-than-10% beneficial ownership position with respect to Microbot common stock, and to file and to disseminate publicly however many Form 4 reports may be needed to disclose Alliance's purchases and sales of Microbot common stock while Alliance was a more-than-10% beneficial owner and statutory insider of Microbot for purposes of Section 16. This suit also seeks to recover any additional short swing profits that Alliance may have realized from any such unreported transactions disclosed by (or discovered from) Alliance as a result of or in connection with this action.

## JURISDICTION AND VENUE

8.      This action arises under Sections 16(a) and (b) and Section 13(d) of the Act, 15 U.S.C. §§ 78p & 78m(d). This Court has jurisdiction over this action pursuant to 27 U.S.C. § 1331, the general federal jurisdiction statute; and 15 U.S.C. § 78aa, which specifically confers exclusive jurisdiction upon the federal courts for "all suits in equity and actions at law" to enforce any liability or duty under the Act.

9.      Venue is proper in this Court pursuant to Section 27 of the Act, 15 U.S.C. § 78aa. At all relevant times, Microbot common stock was traded on the NASDAQ, an exchange headquartered and located within this District. One or more of the purchases or sales giving rise

to liability as alleged herein occurred on the NASDAQ within the District. Alliance is a Jamaican financial services firm engaged in the business of investing in and trading securities and managing and/or maintaining custody of client accounts invested in and trading securities, including the Company's securities, on exchanges and markets located in this District. Additionally, Defendant Alliance is a non-resident alien entity in relation to the United States, and venue is proper in any U.S. district, including this District, pursuant to 28 U.S.C. § 1391(d).

## THE PARTIES

10.     Plaintiff Microbot is a Delaware corporation, with principal executive offices at: 25 Recreation Park Drive, Unit 108, Hingham Massachusetts 02043. The Company is in the business of creating micro-robotic technology devices for use in various fields of medicine.

11.     Upon information and belief, Defendant Alliance is a financial services and asset management firm and Jamaican registered company (Companies Office of Jamaica Reg. No. 55495), with offices at 7 Belmont Road, Saint Andrew, Kingston 5, Jamaica. Alliance purports to offer exclusively non-U.S. customers access to the U.S. securities trading markets by opening online trading accounts managed and maintained by Alliance.

## STATUTORY REQUISITES

12.     At all relevant times, Microbot's common stock was registered under Section 12(b) of the Act, 15 U.S.C. § 78*l*(b).

13.     At all relevant times, Alliance was the "beneficial owner" of more than 10% of the outstanding common stock issued by Microbot, and a corporate insider of the Company subject to Section 16(b).

14.     This action is brought within two years of the occurrence of the violations described herein, or within two years of the time when Alliance was required to report any transactions in

4

reports required to be filed with the SEC under Section 16(a) of the Act, 15 U.S.C. § 78p(a). The statute of limitations has not yet begun to run on any transactions that were either not reported or misleadingly reported by Alliance, and not otherwise publicly disclosed or available to the Plaintiff.

15.   No exemptions are available to Alliance, or to the transactions giving rise to the violations of Sections 16(a) and (b) and Section 13(d) of the Act, as further described herein.

## SHORT SWING TRADING REPORTED BY ALLIANCE

16.   On January 17, 2019, Alliance filed a Form 3 with the SEC, indicating that, as of November 16, 2018, Alliance was the "beneficial owner" of a total of 300,320 shares of Microbot common stock, amounting to approximately 10.09% of the Company's total outstanding common stock.

17.   On January 17, 2019, Alliance also filed a Form 4 with the SEC, in which Alliance reported engaging in the following purchases and sales of Microbot common stock, on the dates and at the prices indicated below, while Alliance was the beneficial owner of more than 10% of Microbot's outstanding common stock, and a statutory insider of Microbot for purposes of Section 16 of the Act:

|  | **Date** | **Transaction** | **# of Shares Purchased/Sold** | **Price/Share** | **# of Shares Outstanding** | **Ben. Ownership (%)** *(following transaction)* |
|---|---|---|---|---|---|---|
| (1) | Nov. 19, 2018 | Purchase | 2,400 | $2.9975 | 2,975,676 | 302,720 (10.17%) |
| (2) | Nov. 21, 2018 | Purchase | 24,873 | $2.2114 | 2,975,676 | 327,593 (11.01%) |
| (3) | Nov. 21, 2018 | Sale | 6,309 | $2.9556 | 2,975,676 | 321,284 (10.8%) |
| (4) | Nov. 26, 2018 | Purchase | 37,986 | $1.9541 | 2,975,676 | 359,270 (12.07%) |
| (5) | Jan. 8, 2019 | Sale | 2,269 | $2.6983 | 3,012,343 | 357,001 (11.85%) |
| (6) | Jan. 9, 2019 | Purchase | 14,280 | $2.1873 | 3,012,343 | 371,281 (12.33%) |
| (7) | Jan. 9, 2019 | Sale | 1,280 | $2.2678 | 3,012,343 | 370,001 (12.28%) |
| (8) | Jan. 14, 2019 | Purchase | 1,773 | $6.4391 | 3,012,343 | 371,774 (12.34%) |
| (9) | Jan. 14, 2019 | Sale | 281,273 | $8.1554 | 3,012,343 | 90,501 (3%) |
| (10) | Jan. 14, 2019 | Sale | 500 | $10.3 | 3,012,343 | 90,001 (2.99%) |
| (11) | Jan. 15, 2019 | Purchase | 19,593 | $9.3982 | 3,012,343 | 109,594 (3.64%) |
| (12) | Jan. 15, 2019 | Sale | 103,597 | $11.778 | 3,012,343 | 5,997 (0.2%) |

|   | Date | Transaction | # of Shares Purchased/Sold | Price/Share | # of Shares Outstanding | Ben. Ownership (%) *(following transaction)* |
|---|---|---|---|---|---|---|
| (13) | Jan. 16, 2019 | Purchase | 1,404 | $10.9916 | 3,012,343 | 7,401 (0.25%) |
| (14) | Jan. 16, 2019 | Sale | 7,400 | $10.3093 | 3,012,343 | 1 (0%) |

18.     Alliance's purchases and sales of Microbot common stock in rows (1) through (9) in the table in the above Paragraph 17 were reportedly executed by Alliance while Alliance was a Section 16 insider, as a beneficial owner of more than 10% of Microbot common stock. These transactions may be matched, using the prescribed "lowest in, highest out" method, to calculate a total of approximately $481,011 in short swing profits realized by Alliance and recoverable by the Company under Section 16(b) (subject to adjustment pending discovery of additional unreported transactions by Alliance, as alleged herein).

**COUNT I:**
**Profits Recoverable Under Section 16(b) of the Securities Exchange Act**

19.     Plaintiff repeats and re-alleges the allegations in Paragraphs 1-18, above.

20.     Alliance had a direct or indirect "pecuniary interest" in all of the shares of Microbot common stock purchased and sold in the transactions identified in Paragraphs 17-18, above.

21.     Alliance realized short swing profits of approximately $481,011 as a result of the transactions identified in Paragraphs 17-18, which Alliance must disgorge to the Company under Section 16(b).

22.     As further alleged in Count II, Plaintiff seeks to discover, and to compel Alliance to disclose, additional transactions that have not been reported by Alliance. Microbot reserves the right to pursue additional profits potentially owed by Alliance a result of any additional transactions executed while Alliance was a statutory insider, which may be discovered during the course of this action, and to compel Alliance to file truthful, accurate and complete Form 3 and Form 4 reports of their trading activities as required by Section 16.

## COUNT II:
## Williams Act Compliance

23.     Plaintiff repeats and re-alleges the allegations in Paragraphs 1-22, above.

24.     The purpose of Section 13(d) of the Act, commonly referred to as the Williams Act, is to alert the marketplace to material aggregations of securities that are indicative of a potential shift in corporate control, to make known any declared control purpose and to provide investors with the information they need to make informed decisions concerning the future of their investment. This is accomplished by requiring persons having beneficial ownership of more than 5% of the equity securities of any publicly traded company to file disclosures with the SEC promptly on a Schedule 13D setting forth, among other things, their identities and background, any plans or intentions they may have with respect to the issuer as well as any agreements, arrangements, or understandings they may have among themselves or with others concerning the issuer's securities. They are also required, by subsequent amendments, to make disclosures regarding ay increases or decreases of their holdings exceeding 1% of the issuer's total outstanding share issue.

25.     SEC Regulation 13D requires that the filer enumerate each and every purchase or sale made as part of any original accumulation of beneficial ownership exceeding 5% of a company's outstanding securities. Any transactions within 60 days prior to any reported material increase or decrease in beneficial ownership must also be reported on amended Section 13D reports.

26.     Alliance's initial Schedule 13D, filed on July 2, 2018, reported Alliance's beneficial ownership of more than 5% of Microbot common stock as of June 21, 2018. Alliance did not enumerate or describe the transactions (or set of transactions), and/or any agreements,

arrangements, or understandings, by which Alliance acquired the Microbot common stock constituting Alliance's reported beneficial ownership, as required under Section 13(d).

27.     As alleged in Paragraphs 16-17 above, Alliance's Form 3 and Form 4 reports were belatedly filed with the SEC on January 17, 2019 and announced that, as of November 16, 2018, Alliance was the beneficial owner of more than 10% of Microbot's common stock; and further reported that Alliance's beneficial ownership increased to over 12% and then fell to 0% between November 16, 2018 and January 16, 2019. Nonetheless, Alliance never filed any amended Schedule 13D reports, as required under Section 13(d), disclosing the transactions and circumstances surrounding Alliance's material increases and decreases in beneficial ownership of Microbot stock, at any time since Alliance's initial Schedule 13D was (also belatedly) filed on July 2, 2018 (announcing Alliance's 5% beneficial ownership as of June 21, 2018) through January 16, 2019, when Alliance claims to have liquidated its Microbot position.

28.     Microbot has no adequate remedy at law and invokes the equity of this Court to enjoin Alliance to file the amended Schedule 13D reports required under Section 13(d) forthwith, and to completely and truthfully provide the information required by all Items of Schedule 13D, including a detailed enumeration of purchases (and deemed purchases) and sales (and deemed sales) within 60 days prior to any date on which Microbot was originally required to file an amended Schedule 13D report (e.g., to disclose Alliance's 1% increase or decrease in beneficial ownership of Microbot common stock).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment:

(a)   Enjoining Alliance to file truthful, accurate, and complete Schedule 13D reports and all necessary Schedules 13D/A amended reports relating to their more-than-5% beneficial ownership of Microbot common stock, in compliance with all applicable rules and regulations, forthwith;

(b)   Enjoining Alliance to file truthful, accurate, and complete reports on Forms 3 and 4 of correct entry dates into a more-than-10% beneficial ownership position (including by agreement or as a member of a group with other shareholders) and of all subsequent purchase and sales with respect to Microbot common stock in compliance with all applicable rules and regulations; forthwith;

(c)   Requiring Alliance to account for, and pay to Microbot, the short swing profits realized in violation of Section 16(b), together with appropriate interest and the costs of this suit;

(d)   Awarding to Microbot its costs and disbursements, including reasonable attorney's, accountant's, and expert witness fees; and

(e)   Granting to Microbot such other and further relief as the Court may deem just and proper.

Dated: June 5, 2019
       New York, NY

*s/ Miriam Tauber*                              *s/ David Lopez*
_____          _____
Miriam Tauber (MT-1979)                  David Lopez (DL-6779)
MIRIAM TAUBER LAW PLLC                   LAW OFFICES OF DAVID LOPEZ
885 Park Ave. 2A                         P.O. Box 323, 171 Edge of Woods. Rd.
New York, NY 10075                       Southampton, NY 11969
(323) 790-4881                           (631) 287-5520
MiriamTauberLaw@gmail.com                DavidLopezEsq@aol.com

*Attorneys for Plaintiff Microbdot Medical, Inc.*