**DAVID LOPEZ**
ATTORNEY AT LAW

171 EDGE OF WOODS ROAD
SOUTHAMPTON, NEW YORK 11968

MAILING ADDRESS:
P.O. BOX 323
SOUTHAMPTON, NEW YORK 11969-0323

TELEPHONE (631) 287-5520
FACSIMILE (631) 283-4735
E-MAIL DAVIDLOPEZESQ@AOL.COM

September 23, 2019

<u>Via ECF</u>
Hon. George B. Daniels, U.S.D.J.
U.S. District Court (S.D.N.Y.)
500 Pearl St., New York NY 10007

Re:  *Microbot Medical, Inc. v. Alliance Inv. Mgmt. Ltd.*, No. 19 Civ. 3782 (GBD):
Request for Pre-Motion Discovery Conference (per L.R. 37.2 & Indiv. Rule IV.A)

Your Honor:

As Plaintiff's counsel, we respectfully request a pre-motion conference pursuant to L.R. 37.2, in an attempt to resolve a seemingly otherwise intractable discovery dispute.

**Nature of This Suit**

This is a shareholder suit brought to enforce Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Act"). The Defendant, Alliance Investment Management, Ltd. ("Alliance") is a broker-dealer and investment manager domiciled in Jamaica, the West Indies.

Alliance filed reports under Section 16(a) with the Securities & Exchange Commission ("SEC") stating that Alliance was a more-than-10% beneficial owner of the common stock of Plaintiff, Microbot Medical Inc. ("Microbot") as of November 16, 2018, and that while in that insider position, Alliance purchased and sold shares of Microbot common stock within periods of less than six months, realizing short-swing profits of more than $400,000.

Contrary to the representation in Alliance's Answer, Alliance's Section 16(a) filings remain available on the SEC's EDGAR filings site and may be viewed by Your Honor at any time, along with Alliance's initial (and only) Section 13D report.[1] These "beneficial ownership" filings by Alliance, along with reports filed by other threshold "beneficial owners" of Microbot securities, can be seen by selecting the "include" option under "ownership?" in viewing Microbot SEC filings. *Compare* Answer, Dkt. 21 ¶3 & Ex. 2 (which Alliance incorrectly introduces as a "true and correct printout from the EDGAR system for all filings relating to Microbot between June 20, 2017

---

[1] As alleged in Plaintiff's First Amendment Complaint, Alliance has not filed the amended Section 13D reports required under Section 13(d) of the Act (known as the Williams Act). *See* FAC, Dkt. 13 ¶ 27.

and August 14, 2019," to falsely assert that the SEC "had accepted and begun to act upon Alliance's request" when the Answer was filed—but which selects the "exclude" ownership view, *see* p. 2, generating a list of Microbot filings and excludes all Section 16(a) and Section 13(d) "beneficial ownership" reports, including the reports filed by Alliance) *with* Ex. A, attached to this letter (which selects the "include" ownership view, and thus reflects Alliance's SEC Forms 3 and 4 reports under Section 16(a) and Schedule 13D reports, at the rows highlighted for the Court's reference).

Plaintiff, relying on Alliance's Section 16(a) filings, has demanded recovery of the admitted short-swing profits retained by Alliance in violation of Section 16(b) as a result of Alliance's reported Microbot securities transactions. When Alliance failed to make restitution, Plaintiff filed this suit.

Nature of This Discovery Dispute

On August 13, 2019 (following the institution of this suit on April 28, 2019), Alliance filed a letter with the SEC, which sought to withdraw Alliance's prior filings in which Alliance admitted trading Microbot securities under Section 16(a), stating that the filings were submitted under an "incorrect CIK number as they were filed by Alliance rather than its client who is the actual beneficial owner of the Microbot securities addressed in the filings." (*See* Answer, Dkt. 21 ¶5 & Ex. 1, Dkt. 27-1.) The meaning of this "CIK" explanation is unclear to Plaintiff, and no further clarity is provided in Alliance's Answer. Contrary to the representations in Alliance's Answer (Dkt. 21¶3), Alliance's request has not been publicly filed or "accepted" by the SEC, and Alliance's Form 3 and 4 and Schedule 13D reports remain publicly available on EDGAR.

As implied in Alliance's letter to the SEC, Alliance's counsel has advised Plaintiff's counsel and the Court that Alliance merely acted as the broker for a specific client in executing the reported transactions, and that Alliance's client should have been identified as the "beneficial owner" of the Microbot securities reported by Alliance under Section 16(a), and as the correct defendant in this Section 16(b) action. The "client" that Alliance claims was involved in the transactions is not identified in Alliance's Answer, or in any public filings by Alliance or the "client."

Plaintiff made routine interrogatory inquiries into documents and persons which or who would provide evidence supporting either the original reported nature of the transactions at issue, or the explanation provided to the SEC, by which also attempts to absolve Alliance of Section 16(b) liability by implicating an unnamed client of Alliance. Copies of Alliance's Initial Disclosures and Responses to Plaintiff's Discovery Requests are attached to this letter at Ex. B.

To summarize the discovery received from Alliance to date, Alliance's Initial Disclosures name Joseph Mona as the real party in interest in the reported transactions. Contrary to Local Rule 26.3, which requires Mona's "present or last known address" be provided, his only contact address is "via undersigned counsel."

Alliance asserts that because Alliance denies liability and now claims to have incorrectly reported transactions on behalf of Alliance's client, Alliance need not respond further to any of

2

Plaintiff's inquiries.  In correspondence, Alliance's counsel has gone a step further by improperly threatening Rule 11 sanctions if Plaintiff continues to seek the requested documents. (*See* Ex. C.)

Through telephone discussions with Alliance's counsel, Plaintiff's counsel has attempted in good faith to resolve their dispute concerning Plaintiff's outstanding discovery requests. Plaintiff regrets that their discussions are at an impasse. To that end, Plaintiff respectfully requests that the Court compel Alliance:

1. To participate in the normal exchange of documents and identification of persons having knowledge relevant to the case.

2. To respond to Plaintiff's specific requests for the trading records of the Joseph Mona account[s] so far as relevant to trading in shares of Microbot during the short-swing periods identified in the complaint and claimed to exculpate Alliance

3. With respect to Alliance's denial of "beneficial ownership" of any shares reported as within Alliance's "beneficial ownership," and traded while Alliance was a more-than-10% "beneficial owner," to provide copies of the Joseph Mona account opening records evidencing the powers exercised or exercisable by Alliance.

   "Beneficial ownership" is defined two ways by Section 16. For purposes of determining whether a person is a more-than-10% beneficial owner and statutory "insider," a matter at the heart of the inquiry in this case, the "beneficial ownership" is determined by Section 13(d) criteria, i.e., voting power or investment control; for purposes of allocating Section 16 liability, "pecuniary interest" governs. In conference with Defendant's counsel, I have specifically, orally and in writing, asked that documents evidencing each element be provided. Nothing has been forthcoming. Alliance apparently believes that Alliance (or, rather, Alliance's present counsel's) determination of this complex issue of law and fact must be accepted without inquiry.

4. With respect to providing an address for Joseph Mona, so that subpoenas may be utilized if necessary, nothing has been forthcoming.

**Discussions Concerning Defendant's Proposed Protective Order**

Plaintiff's undersigned co-counsel, in an attempt to avoid judicial involvement, has attempted in good faith to negotiate a protective order that Alliance's counel has requested as a condition to producing any documents in response to Plaintiff's discovery requests for the documents that Plaintiff is enitled to receive reflecting the trades reported by Alliance, and the basis for Alliance's assertion that Mona is the "beneficial owner" of the shares under one or both of the applicable definitions.

A sticking point is that Alliance has refused to permit Plaintiff to use the evidence that Alliance proposes to produce to support Alliance's contention that this case should be brought against Mona rather than Alliance, in order to actually bring the case against Mona that Alliance suggests. Plaintiff asserts that Mona must be publicly identified as the claimed "beneficial

3

ownership" of the shares in SEC filings, and must also be disclosed in response to Plaintiff's discovery requests, for the very purpose of enabling Microbot to recover short swing profits realized in connection with Alliance's reported trading.

**Irreconcilable Conflict of Interest of Defense Counsel; Potential Criminal Prosecution**

As stated in Alliance's Initial Disclosures (and in discussions with Plaintiff's counsel), Alliance's counsel has taken on Mr. Mona as an additional client as a non-party to this case. This is an irreconcilable conflict of interest in that counsel is now constrained not to produce on behalf of Alliance any materials or information that might prove contrary to Mr. Mona's defense. And Mr. Mona's defense, if he chooses to mount one in any prospective case, is likely to be constrained in discovery production by its possible damaging effect on Alliance.

For example, Mr. Mona, with presumably full knowledge of his position as imparted by his newly retained attorneys, has knowingly and willfully failed to comply with the reporting requirements of of Section 16(a) of the Act (Forms 3 and 4) and with the Williams Act, Section 13(d) of the Act (Schedules 13(D) and 13(D)A). Each such failure is subject to civil enforcement proceedings by the SEC and potential reference to the DOJ as a felony.

**Proposed Referral of all Discovery Disputes to Assigned Magistrate Judge**

It is highly likely that this will not be the last of discovery disputes in this case. Righteous intransigence rarely cures itself. Plaintiff respectfully suggests that this dispute and all further discovery disputes be referred to Magistrate Judge Robert W. Lehrburger, who is assigned to this matter, and who may referee these matters with judicial economy once familiar with the case.

Respectfully,

*s/ David Lopez*

David Lopez
LAW OFFICES OF DAVID LOPEZ

*s/ Miriam Tauber*

Miriam Tauber
MIRIAM TAUBER LAW PLLC

*Attorneys for Plaintiff Microbot Medical, Inc.*

cc:   all parties (via ECF)

4