# EXHIBIT C



Miriam Tauber <miriamtauberlaw@gmail.com>

## Microbot v Alliance--Discovery Requests, Initial Disclosures

**Miriam Tauber** <miriamtauberlaw@gmail.com>  Wed, Aug 14, 2019 at 10:13 AM
To: Robert Landy <rlandy@fordobrien.com>
Cc: Adam Ford <aford@fordobrien.com>, David Lopez <DavidLopezEsq@aol.com>, Suzanne Pope <spope@fordobrien.com>

Robert.

Thanks for your email.

As I told Adam, we will look for your response to our pending Amended Complaint on August 16, when it is due. We will review your submission in response to our complaint, along with the responses to our pending discovery requests, and determine whether any of your assertions below appear to be substantiated.

As I also told Adam (and the Court), we will consider whether joinder or substitution of parties, or a transfer of venue, may be appropriate—based on the evidence submitted and produced in this litigation. Under no circumstances will we agree to voluntarily dismiss this action, and file an entirely new action in South Carolina. We are of course prejudiced by losing the time we have spent prosecuting this action.

More fundamentally, we will not drop a pending case to pursue an unsubstantiated claim against an individual we never heard of, based purely on your word (which I also understand is based only on your clients' representations). We filed, and will continue to pursue, this case based on statements made under penalty of perjury in SEC filings and in the public record, not based on gossip delivered to us by phone or on the courthouse steps.

Again, we look forward to reviewing Alliance's response to our Amended Complaint at the end of this week, and Alliance's discovery responses within the 30-day time frame.

We remind you of your obligation to refrain from making further unwarranted threats of sanctions.

Regards.
Miriam


On Aug 13, 2019, at 11:31 PM, Robert Landy <rlandy@fordobrien.com> wrote:

Miriam,

We understand that you must continue to preserve your client's rights vis-a-vis Alliance for now.  However, your firm has been placed on notice, in statements Adam made on the record was well as by me outside of court, that Alliance is not a beneficial owned of any Microbot stock and that the 13d statement was filed in error.   You are also aware the we now represent the beneficial owner, who is not a party to this, or any other proceeding.

While we will zealously protect our clients' rights, it is not our intent cause needless expense.   Both Adam and I are out for most of the next two weeks.  We expect to be in a position to engage in negotiations on behalf of the beneficial owner when we are both back next month.  If we are unable to find common ground then, the disputes

may be litigated in an appropriate venue. Give the applicable two-year statute of limitation, this short delay should not cause any prejudice.

Meanwhile, in the coming days, Alliance will take actions to correct or revoke its erroneous filing. Once this is done, we will inform you of the same. At that point, we will consider any further effort to engage Alliance in substantive litigation, and to cause them to incur additional legal expenses, as frivolous within the meaning of Fed. R. Civ. P. 11.

Regards,

Rob

Robert S. Landy
Partner
**Ford O'Brien LLP**
575 Fifth Avenue
17th Floor
New York, N. Y. 10017
(212) 858-0040 (main)
(212) 256-1047 (direct)
(646) 650-2219 (facsimile)
www.fordobrien.com

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
This transmission may be a confidential attorney-client
communication or may otherwise be privileged or confidential.
If you are not the intended recipient, please do not read,
copy, or re-transmit this communication. If you have received
this communication in error, please notify us by replying to
the sender of this message, and delete this message (and
your reply) and any attachments. Thank you in advance for
your cooperation and assistance.
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

On Tue, Aug 13, 2019 at 9:56 PM Miriam Tauber <miriamtauberlaw@gmail.com> wrote:
> Adam and Robert,
>
> I am enclosing an edited copy of Plaintiff's First Interrogatories in the Microbot v. Alliance matter. The only correction is that the heading on p.3 previously read "Document Requests" instead of "Interrogatories," as noted and corrected on the copy attached.
>
> As this edit to Plaintiff's Interrogatories corrects what (I think) was an obvious typo and is otherwise non-substantive, I am providing this attachment for your reference and records, but am not mailing out an additional copy.
>
> This correction also does not extend the 30-day period for responding to Plaintiff's Interrogatories (notwithstanding the typo in the original document). Please confirm and acknowledge receipt.
>
> Regards.
> Miriam

> Begin forwarded message:
>
> **From:** Miriam Tauber <miriamtauberlaw@gmail.com>
> **Subject: Microbot v Alliance--Discovery Requests, Initial Disclosures**
> **Date:** August 9, 2019 at 11:41:47 AM EDT
> **To:** Adam Ford <aford@fordobrien.com>, Robert Landy <rlandy@fordobrien.com>
> **Cc:** David Lopez <DavidLopezEsq@aol.com>
>
> Adam and Robert,
>
> Pleasure speaking and meeting with each of you this week.
>
> Please see the attached discovery requests (Plaintiff's first set of Document Requests and Interrogatories to Alliance), along with Plaintiff's Initial Disclosures.
>
> I anticipate that the responses to these discovery requests will include the information I understand you intend to provide and otherwise assist in sorting out the "beneficial ownership" and/or potential venue questions raised in our conversations this week and at the conference.
>
> As noted, I will also mail out copies of these initial discovery requests and disclosures to your office. Going forward, I suggest we mutually agree to serve discovery requests and responses exclusively by email. Please confirm whether that is acceptable.
>
> Thanks.
> Miriam