

September 26, 2019

**VIA ECF**
Hon. Robert W. Lehrburger
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Room 1960
New York, NY 10007-1312

    Re: *Microbot Medical, Inc. v. Alliance Inv. Mgmt. Ltd.*, No. 1:19-cv-03782
    (GBD) (RWL)

Dear Judge Lehrburger:

    This firm represents Alliance Investment Management, Ltd. ("Alliance"). We write in response to Plaintiff Microbot Medical, Inc.'s ("Microbot") request for a pre-motion discovery conference pursuant to S.D.N.Y. Local Rule 37.2 (ECF Doc. No. 22) (the "Letter"). As set forth below, while we disagree with Microbot's characterization of the dispute, and note that the Letter fails to inform the Court of the current status of the parties' negotiation over discovery, we agree that a pre-motion conference is appropriate at this time.

    On April 28, 2019, Microbot filed a complaint (the "Complaint") under Section 16(b) of the Securities Exchange Act of 1936 (the "Act") based upon certain disclosures Alliance filed with the Securities & Exchange Commission ("SEC") regarding their apparent ownership of Microbot stock between November 2018 and January 2019 (the "Disclosures"). Plaintiff seeks disgorgement of short-swing profits allegedly earned by Alliance and to compel compliance with the Williams Act. Alliance is a foreign broker-dealer located in Kingston, Jamaica.

    On August 5, 2019, this firm contacted Microbot's counsel to disclose that Alliance had filed the Disclosures in error, because the stock at issue had been purchased and sold by one of its clients, Joseph Mona. We indicated that we were determining how to address the erroneous filing. In addition, we informed Microbot's counsel at that time that we would also represent Mr. Mona. On August 6, 2019, the parties appeared for an initial case management conference before Judge Daniels, during which Adam Ford of this firm explained the issue to the Court.

    However, on August 9, 2019, rather than seeking a path to efficiently reset the matter as against the proper defendant (such as by filing a new action or seeking consent to file a second amended complaint), Microbot served fulsome interrogatories and document requests on seeking, among other things, Alliance's order tickets, communications, internal policies and other records. In an email, this firm indicated that while we understood Microbot's need to protect its rights, it was entirely inappropriate for Microbot to use the jurisdiction this Court had



obtained over a foreign entity by virtue of the Complaint for the sole purpose of forcing disclosure of materials for use in a future case against a non-party.[1]

On August 13, 2019, Alliance filed a request to the SEC's Division of Corporate Finance (via EDGAR) asking that the Disclosures be deleted as filed under the incorrect Central Index Key (or CIK) number which identified the owner as Alliance. Those filings were included as an exhibit to Alliance's August 16, 2019 Answer in this case (ECF Doc. No. 21). On September 9, 2019 Alliance served verified responses to Plaintiff's first set of interrogatories, initial disclosures and a general objection to the production of documents. In its Answer, discovery responses, and associated correspondence, Alliance reiterated that it was not the beneficial owner of the Securities, had not performed the trades at issue, and that it was therefore not the correct defendant. These documents all identified Joseph Mona as the owner of the shares at issue.

### *The Origins of the Instant Dispute*

On September 9, 2019 (the morning discovery responses were due but before service), Microbot first raised its desire for judicial intervention. On September 10, 2019, Microbot sought to meet and confer, but later that day informed Alliance again of its intent to seek a pre-motion conference before this firm was able to return the call. The parties conferred on September 11, 2019, and during that call, Alliance agreed to produce materials that would show: (1) that the shares at issue were held in an account owned by Mona, and (2) the type of account (to show it was a non-discretionary online trading account). On September 12, 2019, counsel to Microbot sent a letter demanding an update and again expressing an intent to seek a pre-motion conference. Alliance responded that it expected to provide an update the following week.

In a September 18, 2019 email, we stated that it had collected materials and would produce them upon the execution of a protective order. We also provided a proposed form of protective order. *See* Exhibit 1. Counsel to Microbot provided revisions the same day, adding a provision under which Microbot would be expressly permitted to use material produced subject to the order in other litigations against new parties. The following day, Alliance responded, accepting all proposed changes except the unusual and improper provision that would turn this case into a court-approved pre-action discovery tool for Microbot's next case. *See* Exhibit 2. Microbot responded that unless it was specifically permitted to use materials obtained from Alliance in this case as exhibits to the complaint in a yet-to-be filed case against a non-party, it would seek a pre-motion conference. *See* Exhibit 3. And so it did.

### *Legal Issue at Hand*

Courts routinely allow parties to protect confidential information that they are required to produce. There can be no question that the account statements and account opening

---

[1] It was in this communication that we referenced Rule 11.

documentation of a broker-dealer's client contain confidential information. Protective orders that limit the use of discovery produced in litigation *to that particular action* are standard practice in the Southern District of New York and elsewhere. *See, e.g.,* Stipulation and Model Protective Order of Hon. Ona T. Wang, United States Magistrate Judge, *available at* http://www.nysd.uscourts.gov/cases/show.php?db=judge_info&id=1512 *and* Model Protective Order of Hon. Katharine H. Parker, United States Magistrate Judge, *available at* http://www.nysd.uscourts.gov/cases/show.php?db=judge_info&id=1635 (both setting out that "[t]he Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action", where the "action" is referred to as "this action" before the court); *see also* Model Order adopted by Section 202.70 Rules of the Commercial Division, *available at* http://www.courts.state.ny.us/courts/comdiv/PDFs/Confidentiality-Stipulation-and-Order.pdf ("Confidential Information shall be utilized by the Receiving party and its counsel only for purposes of this litigation and for no other purposes.").

Moreover, where the parties cannot agree on the scope of a protective order it is not clear that a court may impose a protective order permitting confidential materials produced in the action currently before it to be used in a separate action and against a separate defendant *not* before it. *See Travelers Casualty & Surety Co. v. Century Indemnity Co.*, No. 3:1- CV 400 (WWE), 2011 WL 13237856, at *1, D. Conn., Apr. 20, 2011 (noting that "while the parties may reach an agreement regarding the use of discovery materials in other litigation, the Court's authority to enter discovery orders is limited to this lawsuit."). "[W]here the purpose of a discovery request is to gather information for use in proceedings other than the pending suit, discovery is properly denied. *In re Biovail Corp. Securities Litig.*, 247 F.R.D. 72, 75 (S.D.N.Y. 2007) *citing Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352 n. 17 (1978).[2]

Microbot is entitled to production of materials that will show Alliance is not the proper defendant in this case, but those have been offered. The questions at hand are whether Microbot may demand production of materials in this case for the purpose of using them in another yet-unfiled case against a client of the defendant, and whether Alliance, a foreign entity with no US presence, must sit here subject to the jurisdiction of this Court simply so that Microbot can do so.

As such, Alliance respectfully joins in the request for a pre-motion conference so that it may seek a protective order limiting discovery to the issue of whether it is the proper defendant, and limiting the use of any such materials to the instant case.

---

[2] Plaintiffs also assert that defense counsel have an "irreconcilable conflict of interest" (Letter p. 4). Plaintiff makes no suggestion that it intends to seek disqualification, nor does it tie the accusation to its claim for relief. Microbot just puts the idea out there on the public record for others to see. However, this "conflict" is better described as a frustration over Alliance's unwillingness to produce material it knows will solely be used against one of its clients.



Respectfully submitted,

FORD O'BRIEN LLP

_____
Robert S. Landy
Adam C. Ford
Danielle McLaughlin
575 Fifth Avenue
17th Floor
New York, New York 10017
rlandy@fordobrien.com
(212) 256-1047

*Attorneys for Defendant*

CC:   All counsel of record (via ECF)