# Exhibit 2



Robert Landy <rlandy@fordobrien.com>

## Re: Microbot v Alliance - Revisions to Proposed Protective Order
1 message

**Robert Landy** <rlandy@fordobrien.com>                 Thu, Sep 19, 2019 at 11:31 AM
To: Miriam Tauber <miriamtauberlaw@gmail.com>
Cc: David Lopez <DavidLopezEsq@aol.com>, Adam Ford <aford@fordobrien.com>
Bcc: Suzanne Pope <spope@fordobrien.com>

Miram,

The attached draft (version 3) accepts all of your comments and makes additional revisions in track changes. We have a single substantive issue, as I see it:

As we have said on several occasions, it is not appropriate to use the powers of the Court to seek discovery from Alliance for the purpose of prosecuting a future case against a non-party. We will not agree to define the "Litigation" covered by this Order to include other actions that "arise" from this case, as that definition as drafted would specifically permit such use.

If additional parties are brought into this case, then the Order certainly governs (though any future parties must retain the right to seek a modification of the Order because they are not here now to consent).

Please let me know of any additional revisions you may have.

Rob

Robert S. Landy
Partner
**Ford O'Brien LLP**
575 Fifth Avenue
17th Floor
New York, N. Y. 10017
(212) 858-0040 (main)
(212) 256-1047 (direct)
(646) 650-2219 (facsimile)
www.fordobrien.com

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

This transmission may be a confidential attorney-client
communication or may otherwise be privileged or confidential.
If you are not the intended recipient, please do not read,
copy, or re-transmit this communication. If you have received
this communication in error, please notify us by replying to
the sender of this message, and delete this message (and
your reply) and any attachments. Thank you in advance for
your cooperation and assistance.
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *


On Wed, Sep 18, 2019 at 10:58 PM Miriam Tauber <miriamtauberlaw@gmail.com> wrote:
> Robert,
>
> Thanks for forwarding the draft protective order. Please see the attached markup.
>
> Many of my revisions reflect edits for consistency with local/individual rules or standard provisions in SDNY model protective orders.

Main edits summarized below:

- Your last line in Paragraph 3 effectively provides for "attorney's eyes only" disclosure to unspecified "clients."
    - Removed and instead added standard "attorney's eyes only" provision, as treatment which may be requested and allowed only in "extraordinary circumstances" (see revised paragraph 7).
    - Unclear what "clients" means if not "parties" who may be given the information pursuant to Paragraph 4. To the extent this refers to individuals implicated by discovery and/or who may later be added to the action, the definition of "parties" is expanded to include added/substituted defendants. Similarly, the witness disclosure provided in 4(e) should include not only authors but any witnesses who counsel reasonably believes may be called to testify.

- Transcript designations provision (Para 6) revised to clarify that only portions of transcripts are to be designated/treated as confidential (not the entire transcript) and to notify court reporter of designated portions. Will not agree to limit all disclosure of transcripts to parties/witnesses for 3 business days. On the other hand, will agree to treat entire transcript as subject to a "confidentiality" designation (i.e., disclosing to parties/witnesses subject to Paragraph 4) for a period of 30 days following the deposition (as is customary).

- The provisions you had in original Paragraphs 7 and 8 contemplating in camera review or filing under seal conflict with local rules and the Judge's Rules (your draft referred to Magistrate Moses who is not our assigned Magistrate). In camera review is only permitted for p

- rivilege disputes, and the Judge's rules specifically say no filing under seal or redactions other than by motion. While it's not practicable to wait for a motion to seal brought by the other party to be **decided** before bringing a dispute about a document before the court, I revised to provide that , parties should file redacted versions of documents containing information sought to be sealed while the motion to seal is pending.

- Added standard carveout permitting disclosure in response to third party subpoenas or court orders, with an opportunity for the designating party to object. See new Para 16.

I have not had a chance to review this with David, who is traveling (as you know), and he may have additional comments.

In the meantime, please review the attached and let me know if you have any issues with the changes I propose, so that we can move forward with discovery as promptly as possible.

Thanks again.
Miriam



**Microbot v. Alliance - Proposed Protective Order - v3.docx**
43K

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICROBOT MEDICAL INC.

                Plaintiff,

      v.

ALLIANCE INVESTMENT MANAGEMENT LTD.,

                Defendant.

Civil Action No.:19-CV-3782 (GBD)

ECF Case

**[PROPOSED] PROTECTIVE ORDER BY CONSENT**

    WHEREAS, Plaintiff Microbot Medical Inc. and ("Plaintiff") and Defendant Alliance Investment Management Ltd. ("Defendant"), and their respective counsel, expect that discovery requested or contemplated in the above-captioned action (the "Litigation") is likely to involve the disclosure of confidential, proprietary and/or trade secret information, it is ORDERED as follows:

    1.    This Protective Order by Consent (the "Order") governs the use and handling of documents, things, electronic information in any form (including embedded data and metadata), testimony, interrogatory responses, and other information, including all copies, excerpts, and summaries thereof (collectively, the "Material"), produced or given by any party or other individual providing discovery in this Litigation.

    2.    All parties to this Litigation, and any third party covered by this Order, shall have the right to designate as "Confidential" and subject to this Order, any Material: (a) that contains trade secrets, codes, source codes, software programs, competitively sensitive technical, marketing, financial, sales or other proprietary business information; or (b) that contains private or personal information; or (c) that contains information that the producing party reasonably believes to be subject to confidentiality obligations to third parties. Any party

Deleted: is

Deleted: ,

Deleted: which for purposes of this Protective Order by Consent (the "Order") includes this action, and any ancillary or related proceedings arising from this action, including any appeals…

to this Litigation (including any parties added or substituted following the entry of this Order), or any third party covered by this Order, who produces or discloses any such confidential Material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the legend: "CONFIDENTIAL" or "CONFIDENTIAL - SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Confidential"). In the event that a party seeks to designate any Material as "Confidential," the party shall note that in the covering transmittal of such information.

     3.    All "Confidential" Material shall be used by the receiving party solely for purposes of the prosecution or defense of this Litigation, shall not be used by the receiving party for any business, commercial, competitive, personal, or other purpose, and shall not be disclosed by the receiving party to anyone or in any manner other than as provided in this Order.

     4.    "Confidential" Material and the contents of "Confidential" Material may be disclosed only to the following individuals under the following conditions:

    a. Outside counsel and staff (herein defined as any attorney at an outside law firm for any parties), and relevant in-house counsel, for any parties;

    b. Outside experts or consultants retained by outside counsel for purposes of this Litigation, provided that each such person acknowledges in writing that he or she has read this Order and agrees to be bound by it by signing the acknowledgment attached hereto as *Exhibit A*;

    c. Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing in (a) and/or (b);

d. The Court (and court personnel); and any arbitrators or mediators appointed by the parties or the Court (and their personnel)

e. Any deponent or witness may be shown and examined on any information, document or thing designated "Confidential" if: (i) it appears that the witness authored or received a copy of it, was involved in the subject matter described therein, or is employed by the party or third party who produced the information, document or thing; or (ii) counsel for any of the parties believes, in good faith, that the witness may be called to testify at trial or deposition in this Litigation, *provided* that such witness acknowledges in writing that he or she has read this Order and agrees to be bound by it by signing the acknowledgment attached hereto as *Exhibit A*;

f. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

g. Any party to this Litigation (including parties added or substituted for other parties to the Litigation following entry of this Order). In the case of parties that are corporations or other business entities, "party" shall mean executives, board members, or other employees or individuals required or engaged by a party to participate in decisions with reference to this Litigation, or otherwise required to provide testimony on behalf of a party in connection with this Litigation.

[Formatted: Font: 12 pt]

5. "Confidential" Material shall be used only by individuals permitted access to it under Paragraph 4. "Confidential" Material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, or other than as provided by this Order.

6. With respect to any depositions that involve a disclosure of "Confidential" material of a party to this Litigation, such party shall have until three (3) business days after receipt of a volume of deposition transcript within which to inform the reporter or stenographer, and all other parties, of the portions of the transcript that are to be designated "Confidential," which period may be extended by agreement of the parties. Upon being informed that certain portions of a deposition are to be designated as "Confidential," all parties and all counsel receiving the transcript shall cause each copy of the transcript in their custody or control to be appropriately marked and shall limit disclosure of Confidential portions of the transcript in accordance with Paragraph 4. Additionally, during the 30-day period following any deposition or for a period of 3 business days following the receipt by counsel of the deposition transcript, the entire deposition transcript shall be treated as Confidential and subject to this Order.

7. Any party who requests additional limits on disclosure (such as "attorneys' eyes only," in extraordinary circumstances), may at any time before the trial of this action serve upon counsel for any recipient party a written notice stating with particularity the grounds of the request. If the parties cannot reach agreement promptly, counsel for all affected parties will address their dispute to this Court in accordance with Local Civil Rule 37.2 and Rule IV.A. of the Court's Individual Rules of Practice in Civil Cases.

8.      If counsel for a party receiving documents or information designated as "Confidential" hereunder objects to such designation of any or all of such items, the following procedure shall apply:

    (a) Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. The objecting and producing party shall confer in good faith to resolve any such dispute.

    (b) If a dispute as to a "Confidential" designation of a document or item of information cannot be resolved by agreement following their conference, the objecting party may file a discovery motion with the Court in accordance with Local Civil Rule 37.2 and Rule IV.A. of the Court's Individual Rules of Practice in Civil Cases. The proponent of the designation being challenged shall carry the burden of demonstrating the basis for such designation. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

9.      "Confidential" Material may be filed by any party on the Court Docket (i.e., on ECF in connection with the Litigation) as an exhibit to a submission to the Court, including a motion disputing a "Confidential" designation as provided under Paragraph 8(b), to the extent relevant to the determination of any issue before the Court, after complying with the following procedure: A party intending to file material marked "Confidential" by another party shall inform the producing party of the same three (3) business days before filing in order to permit the producing party with the opportunity to file a motion to seal, in accordance with Rule I.D.

of the Court's Individual Rules of Practice in Civil Cases. If a motion to seal is filed by the producing party, the Confidential Material sought to be sealed will be filed in redacted form (with unredacted copies sent to the Court's Chambers) pending disposition of the motion to seal.

10. If the need arises during trial or at any hearing before the Court for any party to disclose "Confidential" material other than as provided by this Order (including to comply with any Rule or Order applicable to the Litigation), it may do so after giving notice to the producing party and as otherwise directed by the Court. Listing any documents marked "Confidential" on a pretrial list of exhibits shall constitute sufficient notice under this Paragraph.

11. To the extent consistent with applicable law, the inadvertent, unintentional or mistaken disclosure of "Confidential" material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed, or as to any other material or information concerning the same or related subject matter. Such inadvertent, unintentional or mistaken disclosure may be rectified by notifying, in writing, counsel for all parties to whom the "Confidential" material was disclosed that the material should have been designated "Confidential" within a reasonable time after such inadvertent or unintentional disclosure. Such notice shall constitute a designation of the information, document or thing as "Confidential" and/or under this Order.

12. When the inadvertent, unintentional or mistaken disclosure of any Material protected by privilege or work-product immunity or other applicable privilege or protection is

discovered by the producing party and brought to the attention of the receiving party, the receiving party shall return the Material to the producing party or destroy or delete the Material, on the request of the producing party. The receiving party shall take all reasonable steps to delete or otherwise permanently remove the Materials from any systems used to house documents, including document review databases, e-rooms, or any other locations that store the document. The receiving party may make no use of the inadvertently disclosed Material in this Litigation or any other matter, or disclose the Material's contents to anyone who was not already aware of its contents. Such inadvertent, unintentional or mistaken disclosure of such Material protected by privilege or work-product protection or other applicable privilege or protection shall not by itself constitute a waiver by the producing party of any claims of privilege, work product protection or other protection. The producing party must provide a privilege log as to any Material claimed to be privileged and inadvertently disclosed.

   13. Nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent, unintentional or mistaken disclosure. The parties intend for this Order to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Any dispute concerning a claim of privilege or protection as to Confidential Material or otherwise, shall be resolved in accordance with Local Civil Rule 37.2 and Rule IV.A. of the Court's Individual Rules of Practice in Civil Cases, and consistent with this Order.

   14. No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a

non-confidential basis, shall be deemed or considered to be "Confidential" Material under this Order.

15. This Order shall not deprive any party of its right to object to discovery sought by any other party or on any otherwise permitted ground. This Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

16. Nothing in this Order shall be construed to prevent any party from producing any Confidential Material in the party's possession in response to a subpoena, court order, or as may be required in connection with any legal proceeding or by any governmental agency. Any party intending to produce Confidential Material pursuant to this Paragraph must provide reasonable advance notice to the party that designated the Material as "Confidential," so as to permit that party the opportunity to oppose or object to the disclosure.

17. This Order shall survive the termination of this Litigation and shall remain in full force and effect unless and until modified by an Order of this Court or by the written stipulation of the parties filed with the Court. The parties consent to the continuing jurisdiction of the Court for enforcement of the provisions of this Order following the final resolution of this Litigation.

18. Upon final conclusion of this Litigation, within sixty (60) days after the final termination of this Litigation (including appeals), each party or other individual subject to the terms hereof shall use reasonable efforts to either return to the originating source all originals and unmarked copies of documents and things containing "Confidential" material or to destroy such "Confidential" material and certify that fact; provided, however, that counsel may retain complete copies of all deposition and trial transcripts and pleadings including any exhibits

attached thereto, correspondence, expert reports and attorney work product that contain or refer to "Confidential" material for archival purposes, subject to the provisions of this Order which shall survive the final disposition of this Litigation. To the extent a party requests the return of "Confidential" material from the Court after the final conclusion of the Litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.  Nothing herein shall be interpreted in a manner that would violate any applicable canons of ethics or rules of professional responsibility.

19. Nothing in this Order shall affect a party's use or disclosure of its own documents in any way.  The use by a party of its own "Confidential" documents as part of confidential proceedings by or among the parties, or in connection with or to prepare for party depositions, does not alter the confidentiality of the documents in question with respect to other third parties.

20. This Order is proposed to the Court on consent by the existing parties.  Nothing herein shall be deemed to limit the right of any future parties added or substituted following the entry of this Order from seeking a modification of its terms.

SO ORDERED:

Dated:     New York, New York
           September    , 2019

           _____
           Honorable George B. Daniels, U.S.D.J.

APPROVED AS TO FORM AND ENTRY:

| LAW OFFICES OF DAVID LOPEZ | FORD O'BRIEN LLP |
| --- | --- |
| David Lopez | Adam C. Ford |
| P.O. Box 323, 171 Edge of Woods. Rd. | Robert S. Landy |
| Southampton, NY 11969 | 575 Fifth Avenue, 17th Floor |

| | | |
|---|---|---|
| (631) 287-5520<br>DavidLopezEsq@aol.com | (212) 858-0040<br>rlandy@fordobrien.com | **Formatted:** Kern at 8 pt |

and

MIRIAM TAUBER LAW PLLC
Miriam Tauber
885 Park Ave. 2A
New York, NY 10075
(323) 790-4881
MiriamTauberLaw@gmail.com

*Attorneys for Plaintiff Microbot Medical Inc.*               *Attorneys for Defendant Alliance Investment Management Ltd.*

_____               _____
By:                                                           By:

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MICROBOT MEDICAL INC.<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>ALLIANCE INVESTMENT MANAGEMENT LTD.,<br><br>　　　　　　　Defendant. | Civil Action No.:19-CV-3782 (GBD)<br><br>ECF Case |

I, _____, hereby certify (i) my understanding that Material is being provided to me pursuant to the terms and restrictions of the Protective Order by Consent (the "Confidentiality Order") entered by the United States District Court for the Southern District of New York and (ii) that I have read the Confidentiality Order. I understand the terms of the Confidentiality Order, I agree to be fully bound by the Confidentiality Order, and I hereby submit to the jurisdiction of the United States District Court for the Southern District of New York for purposes of enforcement of the Confidentiality Order.

DATE: _____    SIGNATURE: _____