# Exhibit 3



Robert Landy <rlandy@fordobrien.com>

### Re: Microbot v Alliance - Revisions to Proposed Protective Order
1 message

**Miriam Tauber** <miriamtauberlaw@gmail.com>  Sun, Sep 22, 2019 at 9:17 PM
To: Robert Landy <rlandy@fordobrien.com>, Adam Ford <aford@fordobrien.com>
Cc: David Lopez <DavidLopezEsq@aol.com>

Rob,

Thanks for your comments to my revised draft of the proposed order.

I have now caught up with David, and we will not agree to your proposed restriction. You have stated that Alliance will produce documents supporting Alliance's position that Alliance's client, and not Alliance, is the "beneficial owner" of the Microbot securities reported by Alliance. We will need to file the documents you produce in connection with the 16(b) claim that Alliance's answer suggests should be brought against Alliance's client instead of (or in addition to) Alliance.

This is because despite your representation to the Court, Alliance's filings remain in the public record, and report that Alliance is the beneficial owner of the shares. The implication of Alliance's answer and your statements to the Court is that Alliance is required to amend these SEC filings identifying Joseph Mona as the owner of the shares, and/or Joseph Mona is required to file SEC reports on his own behalf, which are accessible on EDGAR, and which we are able to attach to any amended or separate complaint filed against Mr. Mona.

As we do not agree on this significant issue regarding the ultimate purpose of the discovery we requested based on the assertions in Alliance's answer, we will file a letter requesting the discovery conference before the Court, as we suggested over 2 weeks ago when Alliance's responses were due. It does not appear that another conference would be helpful in view of this most recent disagreement.

Please feel free to give me a call tomorrow (Monday) if Alliance is prepared to promptly produce the documents requested without this restriction. Otherwise, we will file the letter requesting the conference by the end of the day tomorrow.

Regards.

Miriam
323-790-4881

> On Sep 19, 2019, at 11:31 AM, Robert Landy <rlandy@fordobrien.com> wrote:
>
> Miram,
>
> The attached draft (version 3) accepts all of your comments and makes additional revisions in track changes.  We have a single substantive issue, as I see it:

As we have said on several occasions, it is not appropriate to use the powers of the Court to seek discovery from Alliance for the purpose of prosecuting a future case against a non-party. We will not agree to define the "Litigation" covered by this Order to include other actions that "arise" from this case, as that definition as drafted would specifically permit such use.

If additional parties are brought into <u>this</u> case, then the Order certainly governs (though any future parties must retain the right to seek a modification of the Order because they are not here now to consent).

Please let me know of any additional revisions you may have.

Rob

Robert S. Landy
Partner
**Ford O'Brien LLP**
575 Fifth Avenue
17th Floor
New York, N. Y. 10017
(212) 858-0040 (main)
(212) 256-1047 (direct)
(646) 650-2219 (facsimile)
www.fordobrien.com

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
This transmission may be a confidential attorney-client communication or may otherwise be privileged or confidential. If you are not the intended recipient, please do not read, copy, or re-transmit this communication. If you have received this communication in error, please notify us by replying to the sender of this message, and delete this message (and your reply) and any attachments. Thank you in advance for your cooperation and assistance.
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

On Wed, Sep 18, 2019 at 10:58 PM Miriam Tauber <miriamtauberlaw@gmail.com> wrote:
> Robert,
>
> Thanks for forwarding the draft protective order. Please see the attached markup.

Many of my revisions reflect edits for consistency with local/individual rules or standard provisions in SDNY model protective orders.

Main edits summarized below:

- Your last line in Paragraph 3 effectively provides for "attorney's eyes only" disclosure to unspecified "clients."
    - Removed and instead added standard "attorney's eyes only" provision, as treatment which may be requested and allowed only in "extraordinary circumstances" (see revised paragraph 7).
    - Unclear what "clients" means if not "parties" who may be given the information pursuant to Paragraph 4. To the extent this refers to individuals implicated by discovery and/or who may later be added to the action, the definition of "parties" is expanded to include added/substituted defendants. Similarly, the witness disclosure provided in 4(e) should include not only authors but any witnesses who counsel reasonably believes may be called to testify.

- Transcript designations provision (Para 6) revised to clarify that only portions of transcripts are to be designated/treated as confidential (not the entire transcript) and to notify court reporter of designated portions. Will not agree to limit all disclosure of transcripts to parties/witnesses for 3 business days. On the other hand, will agree to treat entire transcript as subject to a "confidentiality" designation (i.e., disclosing to parties/witnesses subject to Paragraph 4) for a period of 30 days following the deposition (as is customary).

- The provisions you had in original Paragraphs 7 and 8 contemplating in camera review or filing under seal conflict with local rules and the Judge's Rules (your draft referred to Magistrate Moses who is not our assigned Magistrate). In camera review is only permitted for p

- rivilege disputes, and the Judge's rules specifically say no filing under seal or redactions other than by motion. While it's not practicable to wait for a motion to seal brought by the other party to be **decided** before bringing a dispute about a document before the court, I revised to provide that , parties should file redacted versions of documents containing information sought to be sealed while the motion to seal is pending.

- Added standard carveout permitting disclosure in response to third party subpoenas or court orders, with an opportunity for the designating party to object. See new Para 16.

I have not had a chance to review this with David, who is traveling (as you know), and he may have additional comments.

In the meantime, please review the attached and let me know if you have any issues with the changes I propose, so that we can move forward with discovery as promptly as possible.

Thanks again.
Miriam

<Microbot v. Alliance - Proposed Protective Order - v3.docx>