**DAVID LOPEZ**

ATTORNEY AT LAW

171 EDGE OF WOODS ROAD
SOUTHAMPTON, NEW YORK 11968

MAILING ADDRESS:
P.O. BOX 323
SOUTHAMPTON, NEW YORK 11969-0323

TELEPHONE (631) 287-5520
FACSIMILE (631) 283-4735
E-MAIL DAVIDLOPEZESQ@AOL.COM

October 25, 2019

**Via ECF**
Hon. Robert W. Lehrburger, U.S.M.J. (S.D.N.Y.)
500 Pearl St., New York NY 10007

Re: *Microbot Med. Inc. v. Alliance Inv. Mgmt. Ltd.*,
No. 19 Civ. 3782 (GBD)(RWL): **Discovery Dispute & Proposed Filings**

Your Honor:

We write on behalf of the Plaintiff. We have asked Defendant's counsel to join us in this letter to express their opposing views on the discovery and procedural issues we raise below, but they have declined.

A. **ALLIANCE'S PRODUCTION**

1. **Alliance's Misuse of "Confidentiality" Designations**

**Plaintiff's Position:**

A Stipulated Protective Order was entered in this matter on October 10, 2019 (Dkt. #26). At Plaintiff's request following a hearing before Your Honor, that Order contains the following language:

> "2. … Information and document designated by a party as confidential will be stamped "CONFIDENTIAL." No information will be designated as confidential to the extent that the information is required by law to be publicly disclosed."

Alliance has produced trading account statements for Joseph Mona, a client of Alliance claimed to be the real party in interest, which reflect his positions in various share issues at the beginning and end of certain months within the short-swing trading period, the entirety of the statements being designated "Confidential." Alliance contends that because Mr. Mona's social security number and unrelated holdings appear in these statements the whole of each statement may be designated "Confidential," and their use by Microbot may be constrained. Microbot objects. Information unrelated to this case may easily be protected from disclosure by redaction. Alliance counters that the Protective Order does not mention redaction.

The position adopted by the defense borders on the contumacious. Surrounding disclosures clearly non-confidential with irrelevancies for which confidential treatment is asserted allows the defense to claim exemption from the terms of the Protective Order for anything and everything it chooses to protect through the simple expedient of putting in proximity to it matter having no bearing on this case. Conceivably, this could include watermarks on the paper on which the non-confidential information appears.

**Relief Requested:**

The relief Plaintiff seeks is a ruling that all matter unrelated to Plaintiff's claims in this case may be redacted as the defense chooses but may not be put forward as a basis for making relevant information appearing in the same document confidential by reason of proximity on the printed page.

To be more specific, Plaintiff suggests that the following information appearing in account statements or trading records be specifically ruled non-confidential: (i) Identification of the broker, dealer, or other originator of the document with contact information; (ii) Identification of the owner of the account with contact information; and (iii) Information relating to transactions conducted within the account with respect to Microbot securities.

Other information unrelated to this case and to the causes of action enumerated in the First Amended Complaint may be redacted or not redacted, as the defense chooses without affecting the non-confidential nature of the relevant information.

2. **Alliance's Failure to Produce Trading Records**

**Plaintiff's Position:**

Alliance has simply refused to produce Mr. Mona's trading records in exculpation of the defendant's liability, asserting that Plaintiff's request to inspect and copy is unreasonable.

The Plaintiff has pled, based on Alliance's admissions in SEC filings, that Alliance engaged in short-swing trading in shares of Microbot. Alliance avers that those filings were mistakenly made by it on its behalf when they should have been made by Mr. Mona on his behalf.

Plaintiff has requested that Alliance produce trading records relating to the transactions reported by Alliance. Alliance has produced accounts statements for Mr. Mona, which merely show monthly opening and closing positions, and do not enumerate how the account contents travelled from month opening to month closing. Alliance contends that the statements provided in lieu of trading records are an adequate substitute. They are not.

Plaintiff has also specifically requested that Alliance comply with F.R.C.P. 26, and respond to Plaintiff's outstanding discovery requests by identifying the "broker" referenced in Mr. Mona's account documents, which appears to be an additional "beneficial owner" of the shares traded by

Mr. Mona (under one or both definitions applicable under Section 13(d) and Section 16), and any affiliation or relationship between Alliance and the unnamed "broker," and by producing any brokerage agreements, trade orders or confirmations, and any instructions or correspondence relating to Alliance's reported Microbot trading.

**Relief Requested:**

Plaintiff ask for a ruling that Alliance is required to produce complete trading records relating to the Microbot purchases and sales reported by Alliance, including any trades executed in Mr. Mona's account (i.e., full account statements, along with any identifying brokerage information related to the account or to the trading), without misusing the "Confidential" designation permitted by the Stipulated Protective Order (and instead redacting non-relevant information).

**B.   JOSEPH MONA'S RECENT SECTION 16 FILINGS**

Following Alliance's production (which Plaintiff contends is incomplete and inappropriately designated as "Confidential"), Mr. Joseph Mona filed Section 16(a) ownership statements (Forms 3 and 5) with the SEC, in which Mr. Mona reported Microbot transactions on the same dates, for the same number of shares, at the same prices (more or less) as some of the purchases and sales reported by Alliance and alleged to give rise to 16(b) liability. The Section 16 reports filed by Mr. Mona are attached as Ex. A. An updated version of the transaction chart appearing at FAC ¶ 17 and summarizing the discrepancies between the transactions reported by Alliance and the transactions reported by Mr. Mona, is attached as Ex. B.

Mr. Mona's recent Section 16 filings do not refer to or purport to amend Alliance's previously filed Section 16 reports or mention Alliance in any way. Additionally, although Mr. Mona's Section 16 filings, along with Alliance's production, reflect that Mr. Mona was the beneficial owner, for purposes of both Section 13(d) and Section 16, of more than 10% of Microbot securities at various times since June 2017, Mr. Mona did not file the initial Sched. 13D report required when the Microbot securities held in his account exceeded 5% of outstanding Microbot common stock, or any amended Sched. 13D/A reports required when his beneficial ownership increased or decreased by more than 1%. Alliance has also not amended the Section 16 and Section 13(d) reports that Alliance previously filed to refer to Mr. Mona or to Mr. Mona's recent filings.

**1.   Plaintiff's Proposed Second Amended Complaint**

Plaintiff proposes to file a Second Amended Complaint to name Mr. Mona as an additional defendant. Each of Alliance and Mr. Mona has reported short swing trading in Microbot securities. Alliance contends that the transactions reported by Alliance referred only to the transactions now reported by Mr. Mona. Plaintiff is entitled to inspect both of their trading records to determine whether the Microbot trades reported separately by each of them refer to the same or to different transactions.

As discussed above, Plaintiff is also entitled to discover the identity of the broker for the account described in Alliance's production, and reserves the right to add the broker, once identified, as an additional defendant if it appears that the broker was an additional "beneficial owner" of Mr. Mona's account subject to Section 13(d) and/or Section 16 compliance.

**Relief Requested:**

Plaintiff requests an order permitting the Plaintiff to file a Second Amended Complaint adding Mr. Mona as a defendant on or before the deadline of November 8, 2019 (as entered in the revised CMP, Dkt. #32). Plaintiff requests that the Court order Alliance to respond to Microbot's outstanding discovery requests, and specifically to identify the broker associated with Mr. Mona's account, by November 1, 2019, so that Plaintiff can include the broker as an additional defendant in Plaintiff's proposed Second Amended Complaint and avoid the need to amend the Complaint a third time.

**2. Alliance's Planned Motion for Summary Judgment**

**Plaintiff's Position:**

Defendant's counsel has informed Plaintiff that, rather than continue to participate in discovery, Alliance instead plans to move for summary judgment based on the assertions in Alliance's discovery responses and in Alliance's and Mr. Mona's SEC filings, which Alliance contends support the conclusion that Mr. Mona was the sole "beneficial owner" of the securities reported by Alliance. These supposed facts are not properly supported by admissible evidence, and Plaintiff objects to Alliance's proposed motion on that basis, pursuant to F.R.C.P. 56(c)(2).

The account statements Alliance has produced do not show any actual trading of Microbot securities in Mr. Mona's account (or any trading at all). Hearsay statements made by Alliance and Mr. Mona in their Section 16 filings, e.g., describing the terms of their transactions, must be supported by the underlying trading records, which Plaintiff asks the Court to compel Alliance to produce.

Plaintiff requests that the Court prohibit Alliance from filing a summary judgment before producing trading records related to the transactions Alliance reported, as required in response to Plaintiff's outstanding discovery requests. A motion for summary judgment under Rule 56 requires that the facts be undisputed following the opportunity for full discovery. We are in the midst of a discovery dispute, and there is not a single undisputed relevant fact. A motion under Rule 56 would be frivolous in the extreme.

Respectfully submitted,

*s/ David Lopez*                       *s/Miriam Tauber*
David Lopez                              Miriam Tauber
LAW OFFICES OF DAVID LOPEZ       MIRIAM TAUBER LAW PLLC

*Attorneys for Plaintiff Microbot Medical, Inc.*