UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
MICROBOT MEDICAL INC.

                              *Plaintiff*,

– against –                           Case No.: 19-CV- 3782 (GBD) (RWL)

ALLIANCE INVESTMENT MANAGEMENT LTD.

                              *Defendant*.
------------------------------------------------------------------------ x

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

FORD O'BRIEN LLP

Adam Ford
Robert Landy
Danielle McLaughlin
575 5th Avenue, 17th Floor
New York, NY 10017
aford@fordobrien.com
rlandy@fordobrien.com
dmclaughlin@fordobrien.com
*Attorneys for Defendant Alliance Investment Management Ltd.*

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................................1

STATEMENT OF UNDISPUTED FACTS......................................................................2

LEGAL STANDARD .......................................................................................................6

ARGUMENT.....................................................................................................................7

   1. Alliance is Not the Beneficial Owner of The Shares and So Plaintiffs Have No Legally Cognizable 16(b) Claim Against it ................................................................7

   2. Defendant's Motion For Summary Judgment is Timely and Appropriate..................9

CONCLUSION................................................................................................................11

**TABLE OF AUTHORITIES**

*Anderson v. Liberty Lobby, Inc.,*
　477 U.S. 242 (1986)..................................................................................................6, 9

*Bristol–Myers Squibb Sec. Litig.,*
　312 F. Supp. 2d 549 (S.D.N.Y. 2004) ................................................................................8

*Caldarola v. Calabrese,* 2
　98 F.3d 156 (2d Cir. 2002) .................................................................................................7

*Celotex Corp. v. Catrett,*
　477 U.S. 317 (1986)................................................................................................7, 9, 11

*Cohen v. Schroeder*,
　No. 15-CV-6881 (RJS), 2016 WL 1070851 (S.D.N.Y. Mar. 16, 2016)............................9

*First Nat'l Bank of Ariz. v. Cities Serv. Co.,*
　391 U.S. 253 (1968)............................................................................................................7

*Fujitsu Ltd. v. Fed. Express Corp.,*
　247 F.3d 423 (2d Cir. 2001) ...............................................................................................7

*Gayle v. Gonyea,*
　313 F.3d 677 (2d Cir. 2002) ...............................................................................................6

*Gerffert Co. v. Yipkon Corp.,*
　No. CIV 88-1878, WL 121057 (E.D.N.Y. Sept. 26, 1989) ..............................................11

*Gummo v. Village of Depew*, 7
　5 F.3d 98 (2d Cir.1996) ......................................................................................................7

*Infostar Inc. v. Worcester Ins. Co.*,
　924 F. Supp. 25 (S.D.N.Y. 1996) ......................................................................................9

*Knight v. U.S. Fire Ins. Co.,*
　804 F.2d 9 (2d Cir. 1986), *cert. denied,* 480 U.S. 932 (1987)..........................................11

*Kramer v. Time Warner Inc.*,
　937 F.2d 767 (2d Cir. 1991) ...............................................................................................8

*Levy v. Town of N. Hempstead*,
　No. 12-CV-1777, 2013 WL 5276559 (E.D.N.Y. Sept. 18, 2013) ....................................10

*Malin v. XL Capital Ltd.*,
　499 F. Supp. 2d 117 (D. Conn. 2007), *aff'd*, 312 F. App'x 400 (2d Cir. 2009) .................8

*Marvel Characters, Inc. v. Simon,*
　310 F.3d 280 (2d Cir. 2002) ...............................................................................................6

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
  475 U.S. 574 (1986).................................................................................................7

*Morales v. Quintel Entm't, Inc.*,
  249 F.3d 115 (2d Cir. 2001) ......................................................................................8

*Ressler v. Liz Claiborne, Inc.*,
  75 F. Supp. 2d 43 (E.D.N.Y. 1998) ...........................................................................8

*Samuels v. Mockry*,
  77 F.3d 34 (2d Cir. 1996)..........................................................................................6

*Sec. & Exch. Comm'n v. Yorkville Advisors, LLC*,
  305 F. Supp. 3d 486 (S.D.N.Y. 2018) (GBD)...................................................6, 7

*Scotto v. Almenas,*
  143 F.3d 105 (2d Cir. 1998).......................................................................................7

*Toussie v. Allstate Ins. Co.*,
  213 F. Supp. 3d 444 (E.D.N.Y. 2016)..................................................................9, 10

## Statues and Regulations

17 C.F.R. § 240.13d–4 (2000) ............................................................................................8

Securities Exchange Act of 1934, 15 U.S.C. 78b(p) ..........................................................1

Defendant Alliance Investment Management, Ltd. ("Alliance"), by and through its undersigned attorneys, respectfully moves pursuant to Federal Rule of Civil Procedure 56(c) for summary judgment on all of Plaintiff's claims.

**PRELIMINARY STATEMENT**

This is a case that should have been voluntarily dismissed by Plaintiff Microbot Medical Inc. ("Microbot") long ago because for almost three months, the plaintiff has been fully aware that its claims were brought against the wrong party, and it has been aware of the identity of the correct party. Notwithstanding this knowledge, Microbot has not brought a new action against the correct party, and has not filed a motion to amend its complaint in this action to assert claims against the proper defendant. In this case, Microbot has repeatedly and aggressively sought discovery to aid in its yet-to-be-filed action against a non-party, while frivolously refusing to admit that the sole defendant here could not possibly be liable to it under any theory.

Microbot is a small-cap medical technology company suing to recover short swing profits allegedly obtained by an outside investor. It brought its claims against Alliance under Section 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. 78b(p) on the good faith (but incorrect) belief that *Alliance* had amassed a 10% position in Microbot common stock, and then engaged in trading that resulted in a short swing profit within the statutorily-precluded period of 6 months. However, since early August, Microbot has known that Alliance, the broker dealer, was not the beneficial owner of the shares at issue. Rather, the owner was a client of Alliance who held an account there. Since that time, Alliance had disclosed the identity of the account holder to Microbot, made corrective filings with the Securities and Exchange Commission to correct its previous erroneous filings (which suggested it was the beneficial owner), produced copies of its client's account statements showing that all the securities at issue were indeed beneficially owned

1

by the client, and produced copies of the client's account agreement showing that Alliance's sole economic interest in the account was a per-trade commission and that the account was non-discretionary with all trades client-directed.  In addition, the client himself has now made his own filings with the SEC claiming ownership of the securities at issue.

Faced with overwhelming and indisputable evidence that its claims may only be asserted against the client, and rather than agree to dismiss this action against Alliance and file a proper case against the proper defendant, Microbot has instead responded by filing its third letter motion to compel discovery in the past month.  Microbot's strategy here is clear:  It knows very well that it has no claim against Alliance, but it hopes to extract all information it possibly can from Alliance about its non-party client until the Court shuts the door.  This strategy is not permitted under the Federal Rules of Civil Procedure.  When a party and its counsel know that a claim is meritless, they may not continue to litigate merely because doing so will prove helpful in a future case against a different defendant.

Despite being provided with incontrovertible evidence that the only material fact in this case - the identity of the beneficial owner of Microbot's shares for Section 16(b) purposes - is not genuinely at issue, Microbot has persisted in its lawsuit.  This persistence is an improper waste of judicial and litigant resources.  Because there is no genuine dispute that the beneficial owner of the shares is not the sole defendant in this case, but rather a non-party, the claims against the defendant must be dismissed now.

## STATEMENT OF UNDISPUTED FACTS

Defendant Alliance is a foreign asset management and financial advisory firm licensed by the Financial Services Commission of Jamaica, organized under the laws of Jamaica, and domiciled in Jamaica.  *See* Rule 56.1 Statement at ¶ 1.  On January 17, 2019, Alliance filed a Form 3, "Initial Statement of Beneficial Ownership of Securities" with the

2

U.S. Securities and Exchange Commission's ("SEC") EDGAR filing system indicating that, as of November 16, 2018, Alliance was the "beneficial owner" of a total of 300,320 shares of Microbot common stock (the "Shares"), amounting to a greater than 10% stake in the outstanding common stock of Microbot.  Rule 56.1 Statement at ¶ 2.  Also on January 17, 2019, Alliance filed a Form 4, "Statement of Changes in Beneficial Ownership" with the SEC's EDGAR filing system reporting several trades (the "Trades") undertaken while Alliance was the purportedly the beneficial owner of a greater than 10% stake in the outstanding common stock of Microbot.  Rule 56.1 Statement at ¶ 3.  The Trades are as follows:

| Table I - Non-Derivative Securities Acquired, Disposed of, or Beneficially Owned | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 1. Title of Security (Instr. 3) | 2. Transaction Date (Month/Day/Year) | 2A. Deemed Execution Date, if any (Month/Day/Year) | 3. Transaction Code (Instr. 8) | | 4. Securities Acquired (A) or Disposed Of (D) (Instr. 3, 4 and 5) | | | 5. Amount of Securities Beneficially Owned Following Reported Transaction(s) (Instr. 3 and 4) | 6. Ownership Form: Direct (D) or Indirect (I) (Instr. 4) | 7. Nature of Indirect Beneficial Ownership (Instr. 4) |
| | | | Code | V | Amount | (A) or (D) | Price | | | |
| Microbot Med Inc, Common Stock | 11/19/2018 | | P | | 2,400 | A | $2.9975 | 302,720 | D | |
| Microbot Med Inc, Common Stock | 11/21/2018 | | P | | 24,873 | A | $2.2114 | 327,593 | D | |
| Microbot Med Inc, Common Stock | 11/21/2018 | | S | | 6,309 | D | $2.9556 | 321,284 | D | |
| Microbot Med Inc, Common Stock | 11/26/2018 | | P | | 37,986 | A | $1.9541 | 359,270 | D | |
| Microbot Med Inc, Common Stock | 01/08/2019 | | S | | 2,269 | D | $2.6983 | 357,001 | D | |
| Microbot Med Inc, Common Stock | 01/09/2019 | | P | | 14,280 | A | $2.1873 | 371,281 | D | |
| Microbot Med Inc, Common Stock | 01/09/2019 | | S | | 1,280 | D | $2.2678 | 370,001 | D | |
| Microbot Med Inc, Common Stock | 01/14/2019 | | P | | 1,773 | A | $6.4391 | 371,774 | D | |
| Microbot Med Inc, Common Stock | 01/14/2019 | | S | | 281,273 | D | $8.1554 | 90,501 | D | |
| Microbot Med Inc, Common Stock | 01/14/2019 | | S | | 500 | D | $10.3 | 90,001 | D | |
| Microbot Med Inc, Common Stock | 01/15/2019 | | P | | 19,593 | A | $9.3982 | 109,594 | D | |
| Microbot Med Inc, Common Stock | 01/15/2019 | | S | | 103,597 | D | $11.778 | 5,997 | D | |
| Microbot Med Inc, Common Stock | 01/16/2019 | | P | | 1,404 | A | $10.9916 | 7,401 | D | |
| Microbot Med Inc, Common Stock | 01/16/2019 | | S | | 7,400 | D | $10.3093 | 1 | D | |

Rule 56.1 Statement at ¶ 4. (emphasis on trades between 11/19/2018 and 01/14/2019 supplied).

The Form 3 and Form 4 filings (the "Alliance Filings") reporting beneficial ownership of Microbot common stock were made by Alliance under the incorrect Central Index Key ("CIK") number and were erroneous at the time they were made.  Rule 56.1

3

Statement at ¶ 10. The Alliance Filings referenced Alliance's CIK number, when in fact the Trades had not been made by Alliance, but by a client of Alliance's, Mr. Joseph Mona. Because Mr. Mona was the beneficial owner of the shares, all filings related to them should have been made under his CIK number. *Id.*

Alliance's error went unnoticed until April 28, 2019 when Plaintiff Microbot filed a Complaint against Alliance to recover alleged "short swing" profits under Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Act"), 15 U.S.C. 78p(b). Rule 56.1 Statement at ¶¶ 5, 9. The Complaint alleged that Alliance "was, at all relevant times (meaning at all times during the period of the short-swing trading alleged herein), a beneficial owner of more than 10% of the Company's outstanding common stock and a statutory insider of the company, and profited from purchases and sales of the Company's common stock within a period of less than six months." Rule 56.1 Statement at ¶ 5. Plaintiff sought the return of "the profits realized from these transactions to the Company". Rule 56.1 Statement at ¶ 8.

On August 6, 2019, the parties appeared before this Court for an initial case management conference during which Alliance's counsel informed the Court of the filing error that Alliance had made. Rule 56.1 Statement at ¶ 9. On August 14, 2019, Alliance submitted a letter to the SEC via the EDGAR system in which it formally requested the removal of the incorrect filings as having been filed under the wrong CIK number. Rule 56.1 Statement at ¶ 10. The SEC acknowledged the submission of the letter by automated email. Rule 56.1 Statement at ¶ 11.

The party who had, in fact made the Trades was Alliance's client, Mr. Joseph Mona. Rule 56.1 Statement at ¶¶ 10, 11, 15-19. Mr. Mona and his wife Lauretta (the "Monas") have been clients of Alliance's since February of 2008. Rule 56.1 Statement at

4

¶ 12. The Monas maintain sole discretion over the trades in their account and pay Alliance commission on a "per trade" basis. Rule 56.1 Statement at ¶¶ 13-14.

On October 18, 2019, Mr. Mona filed a Form 3, "Initial Statement of Beneficial Ownership of Securities" with the SEC's EDGAR filing system indicating that, as of November 16, 2018, he was the "beneficial owner" of a total of 300,320 shares of Microbot common stock, amounting to a greater than 10% stake in the outstanding common stock of Microbot at that time. Rule 56.1 Statement at ¶ 16. By this filing, Mr. Mona notified the SEC that he, and not Alliance, was the beneficial owner of the shares at all relevant times. *Id.* On the same day, Mr. Mona made two Form 5 filings, "Annual Statement of Changes in Beneficial Ownership" ("Mona Form 5-1" and "Mona Form 5-2") with the SEC's EDGAR filing system reporting certain trades undertaken by him while he was the beneficial owner of a greater than 10% stake in the outstanding common stock of Microbot during late 2018 and early 2019. Rule 56.1 Statement at ¶ 17. Finally, on October 28, 2019, Mr. Mona made an additional corrected Form 5 filing, "Annual Statement of Changes in Beneficial Ownership" (the "Corrected Form 5 Filing") with the SEC's EDGAR filing system correcting his reporting in Mona Form 5-2 of certain trades undertaken by him while he was the beneficial owner of a greater than 10% stake in the outstanding common stock of Microbot. Rule 56.1 Statement at ¶ 18. By his Form 3, the Mona Form 5-1, and the Corrected Form 5 filings, Mr. Mona reported to the SEC that he owned and traded the same exact position in Microbot stock that had been incorrectly attributed to Alliance, in the period during which he (not Alliance) was a greater than 10% owner in the outstanding common stock of Microbot:

| Table I - Non-Derivative Securities Acquired, Disposed of, or Beneficially Owned ||||||||
|---|---|---|---|---|---|---|---|
| 1. Title of Security (Instr. 3) | 2. Transaction Date (Month/Day/Year) | 2A. Deemed Execution Date, if any (Month/Day/Year) | 3. Transaction Code (Instr. 8) | 4. Securities Acquired (A) or Disposed Of (D) (Instr. 3, 4 and 5) || 5. Amount of Securities Beneficially Owned at end of Issuer's Fiscal Year (Instr. 3 and 4) | 6. Ownership Form: Direct (D) or Indirect (I) (Instr. 4) | 7. Nature of Indirect Beneficial Ownership (Instr. 4) |
| | | | | Amount | (A) or (D) | Price | | | |
| Microbot Medical Common Stock | 11/19/2018 | | P5 | 2,400 | A | $2.99 | 348,971 | D | |
| Microbot Medical Common Stock | 11/21/2018 | | P5 | 24,873 | A | $2.21 | 348,971 | D | |
| Microbot Medical Common Stock | 11/21/2018 | | S5 | 6,309 | A | $2.96 | 348,971 | D | |
| Microbot Medical Common Stock | 11/26/2018 | | P5 | 37,986 | A | $1.95 | 348,971 | D | |

| Table I - Non-Derivative Securities Acquired, Disposed of, or Beneficially Owned ||||||||
|---|---|---|---|---|---|---|---|
| 1. Title of Security (Instr. 3) | 2. Transaction Date (Month/Day/Year) | 2A. Deemed Execution Date, if any (Month/Day/Year) | 3. Transaction Code (Instr. 8) | 4. Securities Acquired (A) or Disposed Of (D) (Instr. 3, 4 and 5) || 5. Amount of Securities Beneficially Owned at end of Issuer's Fiscal Year (Instr. 3 and 4) | 6. Ownership Form: Direct (D) or Indirect (I) (Instr. 4) | 7. Nature of Indirect Beneficial Ownership (Instr. 4) |
| | | | | Amount | (A) or (D) | Price | | | |
| Microbot Medical Common Stock | 01/08/2019 | | S | 2,269 | D | $2.7 | 0 | D | |
| Microbot Medical Common Stock | 01/09/2019 | | P5 | 14,280 | A | $2.19 | 0 | D | |
| Microbot Medical Common Stock | 01/09/2019 | | S5 | 1,280 | D | $2.27 | 0 | D | |
| Microbot Medical Common Stock | 01/14/2019 | | P5 | 1,773 | A | $6.43 | 0 | D | |
| Microbot Medical Common Stock | 01/14/2019 | | S | 281,773 | D | $8.16 | 0 | D | |

Rule 56.1 Statement at ¶ 19.

In addition to his public filings, Mr. Mona's account statements for dates including 10/31/2018, 11/30/2018, 12/31/2018, and 01/31/2019 have been produced to defendant and are further evidence that Mona, not Alliance, held a position in Microbot securities and made the trades at issue. Rule 56.1 Statement at ¶ 15.

## LEGAL STANDARD

Summary judgment is proper if, viewing all evidence in the record in a light most favorable to the non-moving party, "no genuine issue of material fact remains for adjudication." *Samuels v. Mockry*, 77 F.3d 34, 35 (2d Cir. 1996) *citing Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–50 (1986). "An issue of fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Sec. & Exch. Comm'n v. Yorkville Advisors, LLC*, 305 F. Supp. 3d 486, 509 (S.D.N.Y. 2018) (GBD) *citing Gayle v. Gonyea,* 313 F.3d 677, 682 (2d Cir. 2002) (*quoting Anderson*

6

*v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)). A fact is material when "it 'might affect the outcome of the suit under the governing law.'" *Id.*

The party moving for summary judgment has the burden of demonstrating to the court that no genuine issue of material fact exists. *Sec. & Exch. Comm'n*, 305 F. Supp at 509 *citing Marvel Characters, Inc. v. Simon,* 310 F.3d 280, 286 (2d Cir. 2002). When moving for summary judgment against the party who will bear the ultimate burden of proof at trial, "the movant may satisfy its burden by pointing to an absence of evidence to support an essential element of the nonmoving party's claim." *Gummo v. Village of Depew*, 75 F.3d 98, 107 (2d Cir.1996) (*citing Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986)). Then, the burden shifts to the non-moving party to raise a genuine issue of material fact by producing admissible evidence that supports its pleadings. *Sec. & Exch. Comm'n*, 305 F. Supp at 509 *citing First Nat'l Bank of Ariz. v. Cities Serv. Co.,* 391 U.S. 253, 289–90 (1968). It is insufficient for the non-moving party to show only that there is "some metaphysical doubt as to the material facts," *id. citing Caldarola v. Calabrese,* 298 F.3d 156, 160 (2d Cir. 2002) (*quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986), and nor may it rely on "conclusory allegations or unsubstantiated speculation." *Id. citing Fujitsu Ltd. v. Fed. Express Corp.,* 247 F.3d 423, 428 (2d Cir. 2001) (*quoting Scotto v. Almenas,* 143 F.3d 105, 114 (2d Cir. 1998)).

## ARGUMENT

1. **Alliance is Not the Beneficial Owner of The Shares and So Plaintiffs Have No Legally Cognizable 16(b) Claim Against it.**

15 U.S.C. 78P(b) is designed to prevent "the unfair use of information which may have been obtained by [a] beneficial owner" by disgorging "any profit realized by him from any purchase and sale, or any sale and purchase, of any equity security" in any period

of less than six months, when that beneficial owner possesses "more than 10 percent of any class of any equity security." 15 U.S.C. 78P(a), (b).

A beneficial owner's ownership and trades while in this "inside position" are required by law to be disclosed in SEC Forms 3, 4 and 5, which set out the name, trading record, and amount of securities owned by a beneficial owner of stocks. 15 U.S.C. 78P(a)(2), (3). These forms are "filed with the SEC under penalty of perjury" and are "routinely accepted by courts on motions to dismiss securities fraud complaints and are considered for the truth of their contents." *Malin v. XL Capital Ltd.*, 499 F. Supp. 2d 117, 132 (D. Conn. 2007), *aff'd*, 312 F. App'x 400 (2d Cir. 2009) (internal citation omitted). The forms are "required by law to be filed with the SEC, and no serious question as to their authenticity can exist." *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991). *See also In re Bristol–Myers Squibb Sec. Litig.*, 312 F. Supp. 2d 549, 561, n. 6 (S.D.N.Y. 2004) (relying on the Forms 4 and 5 filed by the individual defendants, which recorded changes in beneficial ownership of the securities held, as evidence of the individual defendants' stock sales) *and Ressler v. Liz Claiborne, Inc.,* 75 F. Supp. 2d 43, 57 (E.D.N.Y. 1998) (considering SEC disclosure documents as evidence of stock transactions), *aff'd,* 189 F.3d 460, 1999 WL 568023 (2d Cir. 1999). Importantly, "regulations promulgated by the [SEC] provide that "[a]ny person may expressly declare in any statement filed that the filing of such statement *shall not be construed as an admission that such person is,* for the purposes of Sections 13(d) or 13(g) of the [Exchange] Act, *the beneficial owner of any securities covered by the statement*." *Morales v. Quintel Entm't, Inc.*, 249 F.3d 115, 129 (2d Cir. 2001) *citing* 17 C.F.R. § 240.13d–4 (2000) (emphasis supplied).

Here, the public SEC filings as well as the non-public trading account statements and account application in the record demonstrate clearly that Mr. Mona, and not Alliance,

8

was the beneficial owner of greater than 10% of Microbot outstanding common shares when the Trades were made and that he, and not Alliance, is the alleged 16(d) insider against whom any suit to recover short-swing profits might be brought. As set out in the record, the very same Trades that Alliance incorrectly attributed to its own CIK number have been withdrawn, and the actual beneficial owner, Mr. Mona, has made corrective filings with the SEC of the *exact same trades on the exact same dates in the exact same amounts at the exact same prices*. Moreover, Mr. Mona's filings did not contain any express disclaimer - as was his right - that he was *not* the beneficial owner of the Shares.[1]

Because Microbot bears the burden at trial of proving who the beneficial owner of the Shares is, Alliance may properly rely on the absence of evidence in the record to prevail on summary judgment. Alliance has done one step better: not only is there no evidence supporting the claim that Alliance is the beneficial owner of the Shares, the record conclusively indicates *who the beneficial owner is*: a non-party to the case. This "essential element" of Microbot's claim is not genuinely at issue: Microbot has not, and cannot, present any evidence to this Court that would support a jury verdict in its favor against Alliance. *Anderson*, 477 U.S. at 249.

Because there is no genuine dispute as to this dispositive material fact in this case, summary judgment should be granted in favor of Alliance dismissing the action against it.

2. **Defendant's Motion For Summary Judgment is Timely and Appropriate**

Rule 56(b) allows a summary judgment motion to be made "at any time." Fed. R. Civ. P. 56(b). Although a district court may deny a summary judgment motion as premature when brought by a defendant prior to the close of discovery, *Cohen v.*

---

[1] Moreover, any deviation in trade reporting is irrelevant in this case, as the only critical question is whether Alliance owned a 10% position and then conducted trading. Any issues Microbot may raise with Mona's filings are issues that can be addressed if and when Microbot asserts a claim against Mona.

9

*Schroeder*, No. 15-CV-6881 (RJS), 2016 WL 1070851, at *5 (S.D.N.Y. Mar. 16, 2016) (internal citations omitted), such denials are generally issued because "discovery over relevant matters is incomplete." *Toussie v. Allstate Ins. Co.*, 213 F. Supp. 3d 444, 445 (E.D.N.Y. 2016) (internal citations omitted). *See also Infostar Inc. v. Worcester Ins. Co.*, 924 F. Supp. 25, 29 (S.D.N.Y. 1996) (*citing Celotex*, 477 U.S. at 322) (summary judgment "should only be entered on the ground that the non-movant's proof is insufficient when the nonmovant has had an adequate opportunity to conduct discovery").

Here, however, because the 16(b) statute conveys liability upon the beneficial owner of the Shares, the dispositive "relevant matter" in this case is the identity of the beneficial owner. *Toussie*, 213 F. Supp. at 445. Microbot has conducted discovery (over Alliance's continuing objection) and is the recipient of a production of documents from Alliance setting out the existence of and nature of Mr. Mona's account.[2] Microbot also has access to all public SEC filings via EDGAR. Alliance has proffered irrefutable evidence that it is not the beneficial owner of the Shares, and there is no further discovery that Plaintiff *could* conduct to controvert this single issue of material fact. Where a Defendant is clearly improperly held in a lawsuit and no material issue of fact remains, summary judgment prior to the end of discovery is proper. *See Levy v. Town of N. Hempstead*, No. 12-CV-1777, 2013 WL 5276559, at *1 (E.D.N.Y. Sept. 18, 2013) ("because the uncontroverted facts clearly demonstrate that the Town Defendants have no connection to this case, the Court grants the Town Defendants' motion for summary judgment even though the parties have not completed discovery.")

---

[2] Including, as requested in its 10/25/2019 "Letter Motion for Discovery" addressed to Magistrate Judge Robert W. Lehrburger (ECF Doc. No. 37), re-producing documents relating to Mr. Mona's Alliance trading account with confidential information redacted for use in public filings.

10

In addition, Fed. R. Civ. P. 1 directs the district courts to apply the Federal rules to ensure a "just, speedy, and inexpensive" determination of a case. Fed. R. Civ. P. 1. Summary judgment is an "integral part of the Federal Rules" and must be construed "not only for the rights of persons asserting claims and defenses that are adequately based in fact to have those claims and defenses tried to a jury, *but also for the rights of persons opposing such claims and defenses to demonstrate in the manner provided by the Rule, prior to trial, that the claims and defenses have no factual basis*." *Gerffert Co. v. Yipkon Corp.,* No. CIV 88-1878, 1989 WL 121057, at *2 (E.D.N.Y. Sept. 26, 1989) *citing Celotex*, 477 U.S. at 327 (emphasis in original). Summary judgment allows a court to "streamline the process for terminating frivolous claims and to concentrate its resources on meritorious litigation." *Id. citing Knight v. U.S. Fire Ins. Co.,* 804 F.2d 9, 12 (2d Cir.1986), *cert. denied,* 480 U.S. 932 (1987).

The record in this case contains incontrovertible evidence that Alliance is not the beneficial over of the Shares and did not make the Trades. It also sets out who the correct party in interest is. It is in the interests of justice and preservation of court resources that this Court end this mis-directed case against Alliance by granting summary judgment in its favor.

Defendants respectfully request oral argument on its motion for summary judgment.

## CONCLUSION

For the foregoing reasons, Alliance respectfully requests that the Court grant its motion for summary judgment.

11

                                FORD O'BRIEN LLP

                                /s/Danielle M. McLaughlin
                                Adam Ford
                                Robert Landy
                                Danielle McLaughlin
                                575 5th Avenue, 17th Floor
                                New York, NY 10017
                                aford@fordobrien.com
                                rlandy@fordobrien.com
                                dmclaughlin@fordobrien.com
                                *Attorneys for Defendant Alliance Investment Management Ltd.*

Dated: New York, New York
       October 28, 2019