UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICROBOT MEDICAL INC.<br><br>                          Plaintiff,<br>v.<br><br>ALLIANCE INVESTMENT MANAGEMENT LTD.,<br>  and JOSEPH MONA,<br><br>                          Defendants. | 19-CV-3782 (GBD)<br>No. _____<br><br>**SECOND<br>AMENDED COMPLAINT<br>FOR RECOVERY OF SHORT<br>SWING PROFITS UNDER<br>SECTION 16(b) OF THE<br>SECURITIES EXCHANGE ACT,<br>15 U.S.C. § 78p(b)** |

        Plaintiff Microbot Medical Inc. ("Microbot"), by its attorneys, David Lopez, Esq. and Miriam Tauber, Esq., as and for Plaintiff's Second Amended Complaint herein, respectfully alleges as follows on knowledge as to itself and its own acts, and on information and belief as to all other matters:

## NATURE AND OBJECT OF THIS ACTION

        1.     This is an action to recover "short-swing" profits under Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Act"), 15 U.S.C. § 78p(b).

        2.     Section 16(b) is a strict liability statute. A plaintiff must prove only that a defendant was an insider of a public company whose securities were registered under Section 12 of the Act or any subdivision thereof who profited from the purchase and sale of the company's securities within a period of less than six months. Evidence of the defendant's intent, misuse of information, or bad faith is irrelevant and not required. Section 16(b) is not punitive, and insiders are simply required to disgorge profits retained in violation of the Act.

        3.     Defendants Alliance Investment Management Ltd. ("Alliance") and Joseph Mona ("Mona") were, at all relevant times (meaning at all times during the period of the short-swing

trading alleged herein), each severally, jointly, or in the alternative, a beneficial owner or owners of more than 10% of the Company's outstanding common stock, and a statutory insider[s] of the Microbot, and profited from purchases and sales of Microbot's common stock within periods of less than six months, jointly, severally, or in the alternative, as discovery shall determine. Alliance and/or Mona, jointly, severally, or in the alternative, as discovery shall determine, must return the profits realized from these transactions to Microbot.

## JURISDICTION AND VENUE

4. This action arises under Section 16(b) of the Act, 15 U.S.C. §§ 78p(b). This Court has jurisdiction over this action pursuant to 27 U.S.C. § 1331, the general federal jurisdiction statute and 15 U.S.C. § 78aa, which specifically confers exclusive jurisdiction upon the federal courts for "all suits in equity and actions at law" to enforce any liability or duty under the Act.

5. Venue is proper in this Court pursuant to Section 27 of the Act, 15 U.S.C. § 78aa as to both Defendants. At all relevant times, Microbot common stock was traded on the NASDAQ Exchange, a National Securities Exchange headquartered and located within this District at Times Square, New York City. One or more of the purchases or sales giving rise to liability as alleged herein occurred on the NASDAQ Exchange and through its facilities located within the District. Alliance is a Jamaican financial services firm engaged in the business of investing in and trading securities and managing and/or maintaining custody of client accounts invested in and trading securities, including Microbot's securities, on exchanges and markets located in this District. Alliance is a non-resident alien entity in relation to the United States, and venue is proper in any U.S. district, including this District, pursuant to 28 U.S.C. § 1391(d).

## THE PARTIES

6. Plaintiff Microbot is a Delaware corporation, with principal executive offices at: 25 Recreation Park Drive, Unit 108, Hingham, Massachusetts 02043. The Company is in the business of creating micro-robotic technology devices for use in various fields of medicine.

7. Upon information and belief, Alliance is a financial services and asset management firm and Jamaican registered company (Companies Office of Jamaica Reg. No. 55495), with offices at 7 Belmont Road, Saint Andrew, Kingston 5, Jamaica. Alliance purports to offer exclusively non-U.S. customers access to the U.S. securities trading markets by opening online trading accounts managed and maintained by Alliance.

8. Joseph Mona is a natural person, who resides and is domiciled at 808 Hampton Street, Columbia, South Carolina 29201. He is a U.S. person but is nevertheless a client or customer of Alliance.

## STATUTORY REQUISITES

9. At all relevant times, Microbot's common stock was registered under Section 12(b) of the Act, 15 U.S.C. § 78*l*(b).

10. At all relevant times, Alliance and/or Joseph Mona was or were the "beneficial owner" or "beneficial owners" jointly, severally, or in the alternative, of more than 10% of the outstanding common stock outstanding of Microbot, and thereby a corporate insider or corporate insiders of the Microbot subject to Section 16(b).

11. This action is brought within two years of the occurrence of the violations described herein, or within two years of the time when Alliance and/or Joseph Mona, jointly, severally, or in the alternative, was required to report any transactions in reports required to be filed with the SEC under Section 16(a) of the Act, 15 U.S.C. § 78p(a). The statute of limitations

has not yet begun to run on any transactions that were either not reported or misleadingly reported by Alliance and/or Joseph Mona, and not otherwise publicly disclosed or knowable by Microbot.

12. No exemptions are available to Alliance and/or Joseph Mona, or to the transactions giving rise to the violations of Sections 16(b) here pled.

## SHORT SWING TRADING REPORTED BY ALLIANCE AND MONA

13. On January 17, 2019, Alliance filed a Form 3 with the SEC, indicating that, as of November 16, 2018, Alliance was the "beneficial owner" of a total of 300,320 shares of Microbot common stock, amounting to approximately 10.09% of the Company's total outstanding common stock.

14. On January 17, 2019, Alliance also filed a Form 5 with the SEC, in which Alliance reported engaging in the following purchases and sales of Microbot common stock on the dates and at the prices indicated below, while Alliance was the beneficial owner of more than 10% of Microbot's outstanding common stock, and a statutory insider of Microbot for purposes of Section 16 of the Act:

|  | **Date** | **Transaction** | **# of Shares Purchased/Sold** | **Price/Share** | **# of Shares Outstanding** | **Ben. Ownership (%)** *(following transaction)* |
|---|---|---|---|---|---|---|
| (1) | Nov. 19, 2018 | Purchase | 2,400 | $2.9975 | 2,975,676 | 302,720 (10.17%) |
| (2) | Nov. 21, 2018 | Purchase | 24,873 | $2.2114 | 2,975,676 | 327,593 (11.01%) |
| (3) | Nov. 21, 2018 | Sale | 6,309 | $2.9556 | 2,975,676 | 321,284 (10.8%) |
| (4) | Nov. 26, 2018 | Purchase | 37,986 | $1.9541 | 2,975,676 | 359,270 (12.07%) |
| (5) | Jan. 8, 2019 | Sale | 2,269 | $2.6983 | 3,012,343 | 357,001 (11.85%) |
| (6) | Jan. 9, 2019 | Purchase | 14,280 | $2.1873 | 3,012,343 | 371,281 (12.33%) |
| (7) | Jan. 9, 2019 | Sale | 1,280 | $2.2678 | 3,012,343 | 370,001 (12.28%) |
| (8) | Jan. 14, 2019 | Purchase | 1,773 | $6.4391 | 3,012,343 | 371,774 (12.34%) |
| (9) | Jan. 14, 2019 | Sale | 281,273 | $8.1554 | 3,012,343 | 90,501 (3%) |
| (10) | Jan. 14, 2019 | Sale | 500 | $10.3 | 3,012,343 | 90,001 (2.99%) |
| (11) | Jan. 15, 2019 | Purchase | 19,593 | $9.3982 | 3,012,343 | 109,594 (3.64%) |
| (12) | Jan. 15, 2019 | Sale | 103,597 | $11.778 | 3,012,343 | 5,997 (0.2%) |
| (13) | Jan. 16, 2019 | Purchase | 1,404 | $10.9916 | 3,012,343 | 7,401 (0.25%) |
| (14) | Jan. 16, 2019 | Sale | 7,400 | $10.3093 | 3,012,343 | 1 (0%) |

15. On or about October 18 and 28, 2019, Mona filed Forms 3 and 5 with the SEC, reporting substantially the same transactions as having been engaged in by himself.

16. Plaintiff will need to discover the respective pecuniary interests of each of the Defendants, if any, and proceed against that or those Defendants to the extent thereof.

17. Appended hereto as Exhibit A is a schedule of all trades conducted by Alliance in shares of Microbot common stock at relevant times either for its own account or for the account of Mona or, in the alternative, for both their accounts, divisible in accordance with their respective pecuniary interests, to be determined by discovery.

18. During the periods from approximately June 8, 2017 to September 5, 2018; September 26 to 27, 2018; and November 26, 2018 to January 14, 2019, and such other additional or different times as discovery may determine, the owners of the account appearing at Exhibit A were singly, jointly, or in the alternative, proportionately to their respective pecuniary interests beneficial owners of more than 10% of the outstanding common stock of Microbot.

19. During the periods enumerated at paragraph 18, *supra,* the defendants purchased and sold or sold and purchased shares of the common stock of Microbot within periods of less than six months, the sales at prices higher than the purchases, and thereby realized additional recoverable profits.

**Profits Recoverable Under Section 16(b) of the Securities Exchange Act**

20. Plaintiff repeats and re-alleges the allegations in Paragraphs 1-19, above.

21. The Defendants singly, jointly, or in the alternative, had a direct or indirect "pecuniary interest" in all of the shares of Microbot common stock purchased and sold in the transactions identified in Paragraphs 14 and 17-19, above.

22.     The Defendants, singly, jointly, or in the alternative, realized short swing profits, the amounts of which are unknown to Microbot, as a result of those transactions, which the Defendants must disgorge to Microbot in proportion to their respective pecuniary interests therein.

23.     As further alleged in Count II, Plaintiff seeks to discover, and to compel Alliance to disclose, additional transactions that have not been reported by the Defendants singly, jointly or in the alternative. Microbot reserves the right to pursue additional profits potentially owed by the Defendants a result of any additional transactions executed while the Defendants, singly, jointly, or in the alternative, were a statutory insider or insiders, which may be discovered during the course of this action, and to compel the Defendants to file truthful, accurate, and complete Form 3 and Form 4 reports of their trading activities, as required by Section 16(a).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment:

(a)     Requiring the Defendants, singly, jointly or in the alternative, to account for, and pay to Microbot, the short swing profits realized in violation of Section 16(b), together with appropriate interest and the costs of this suit;

(b)     Awarding to Microbot its costs and disbursements, including reasonable attorney's, accountant's, and expert witness fees; and

(c)     Granting to Microbot such other and further relief as the Court may deem just and proper.

Dated:  November 18, 2019 (New York, NY)

*s/ Miriam Tauber*                                                      *s/ David Lopez*

Miriam Tauber (MT-1979)                                 David Lopez (DL-6779)
MIRIAM TAUBER LAW PLLC                       LAW OFFICES OF DAVID LOPEZ
MiriamTauberLaw@gmail.com                         DavidLopezEsq@aol.com

*Attorneys for Plaintiff Microbot Medical, Inc.*

6