UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
MICROBOT MEDICAL INC.

                          *Plaintiff*,

                – against –                            Case No.: 19-CV-3782 (GBD) (RWL)

ALLIANCE INVESTMENT MANAGEMENT LTD., and
JOSEPH MONA,

                          *Defendants*.
------------------------------------------------------------------------ x


# MEMORANDUM OF LAW IN SUPPORT OF
# DEFENDANT'S RENEWED MOTION FOR SUMMARY JUDGMENT


FORD O'BRIEN LLP

Adam Ford
Robert Landy
Danielle McLaughlin
575 5th Avenue, 17th Floor
New York, NY 10017
aford@fordobrien.com
rlandy@fordobrien.com
dmclaughlin@fordobrien.com
*Attorneys for Defendant Alliance Investment Management Ltd.*

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................................ 1

STATEMENT OF UNDISPUTED FACTS ........................................................................ 3

LEGAL STANDARD ......................................................................................................... 11

ARGUMENT ....................................................................................................................... 12

   1. Alliance is Not the Beneficial Owner of The Shares and So Plaintiff Has No Legally Cognizable 16(b) Claim Against it ........................................................................... 12

   2. Defendant's Motion For Summary Judgment is Timely and Appropriate ............... 15

CONCLUSION .................................................................................................................... 17

**TABLE OF AUTHORITIES**

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986) .................................................................................................... 11

*Bristol–Myers Squibb Sec. Litig.*,
  312 F. Supp. 2d 549 (S.D.N.Y. 2004) ......................................................................... 13

*Caldarola v. Calabrese*,
  298 F.3d 156 (2d Cir. 2002) ........................................................................................ 12

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986) .................................................................................................... 12

*Cohen v. Schroeder*,
  No. 15-CV-6881 (RJS), 2016 WL 1070851 (S.D.N.Y. Mar. 16, 2016) ...................... 15

*First Nat'l Bank of Ariz. v. Cities Serv. Co.*,
  391 U.S. 253 (1968) .................................................................................................... 12

*Fujitsu Ltd. v. Fed. Express Corp.*,
  247 F.3d 423 (2d Cir. 2001) ........................................................................................ 12

*Gayle v. Gonyea*,
  313 F.3d 677 (2d Cir. 2002) ........................................................................................ 11

*Gerffert Co. v. Yipkon Corp.*,
  No. CIV 88-1878, WL 121057 (E.D.N.Y. Sept. 26, 1989) ......................................... 16

*Gummo v. Village of Depew*,
  75 F.3d 98 (2d Cir.1996) ........................................................................................ 12,14

*Infostar Inc. v. Worcester Ins. Co.*,
  924 F. Supp. 25 (S.D.N.Y. 1996) ................................................................................ 15

*Knight v. U.S. Fire Ins. Co.*,
  804 F.2d 9 (2d Cir. 1986), *cert. denied,* 480 U.S. 932 (1987) .................................... 16

*Kramer v. Time Warner Inc.*,
  937 F.2d 767 (2d Cir. 1991) ........................................................................................ 13

*Levy v. Town of N. Hempstead*,
  No. 12-CV-1777, 2013 WL 5276559 (E.D.N.Y. Sept. 18, 2013) ............................... 16

*Malin v. XL Capital Ltd.*,
  499 F. Supp. 2d 117 (D. Conn. 2007), *aff'd*, 312 F. App'x 400 (2d Cir. 2009) ........... 13

*Marvel Characters, Inc. v. Simon*,
  310 F.3d 280 (2d Cir. 2002) ........................................................................................ 11

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
  475 U.S. 574 (1986) .................................................................................................. 12

*Morales v. Quintel Entm't, Inc.*,
  249 F.3d 115 (2d Cir. 2001) ..................................................................................... 13

*Parker v. Sony Pictures Entm't, Inc.*,
  260 F.3d 100 ............................................................................................................ *14*

*Ressler v. Liz Claiborne, Inc.*,
  75 F. Supp. 2d 43 (E.D.N.Y. 1998) .......................................................................... 13

*Samuels v. Mockry*,
  77 F.3d 34 (2d Cir. 1996) ......................................................................................... 11

*Sec. & Exch. Comm'n v. Yorkville Advisors, LLC*,
  305 F. Supp. 3d 486 (S.D.N.Y. 2018) (GBD) .......................................................... 11

*Scotto v. Almenas*,
  143 F.3d 105 (2d Cir. 1998) ..................................................................................... 12

*Toussie v. Allstate Ins. Co.*,
  213 F. Supp. 3d 444 (E.D.N.Y. 2016) ...................................................................... 15

**Statues and Regulations**

17 C.F.R. § 240.13d–4 (2000) ........................................................................................ 13

Securities Exchange Act of 1934, 15 U.S.C. 78b(p) ................................................ 1,2,5,9

Defendant Alliance Investment Management, Ltd. ("Alliance"), by and through its undersigned attorneys, respectfully moves pursuant to Federal Rule of Civil Procedure 56(c) for summary judgment on all of Plaintiff's claims.

## PRELIMINARY STATEMENT

This is the second summary judgment motion that Alliance has filed in this action on the basis that Plaintiff Microbot Medical, Inc. ("Microbot") has brought its claims against the wrong defendant.

This is a case brought under Section 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. 78b(p), a strict liability statute allowing the recovery of profits from short-swing profits from the sale of securities by statutory insiders. This case has a single, determinative, issue of material fact: Who is the beneficial owner of the shares traded during the short-swing period?

Since early August, Defendant Alliance has asserted on the record in court proceedings, stated under the pains and penalties of perjury in discovery responses, and filed materials under the pains and penalties of perjury with the SEC, that Alliance did not own the shares at issue, did not make the trades at issue, and is not the beneficial owner against whom suit should be brought.

After seeking the trading records of the person who *did* own the shares and make the trades - a client of Alliance's named Joseph Mona (discovery which Plaintiff characterized as "exculpatory") - Plaintiff was cautioned by the honorable Judge Lehrburger to "make its own determination as to whether it has a good faith basis to maintain Alliance Investment Management, Ltd. as a defendant; and, if not, whether Plaintiff can in good faith proceed with amending the current complaint or instead will need to take some other action."

1

After Alliance produced Mr. Mona's trading records, Alliance promptly filed a Second Amended Complaint. It added Mr. Mona on a joint, several or "in the alternative basis." It made no new claims against Alliance.

Enough is enough.

Microbot is a small-cap medical technology which brought its original claims against Alliance on April 28, 2019 under Section 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. 78b(p) on the good faith (but incorrect) belief that *Alliance* had amassed a 10% position in Microbot common stock, and then engaged in trading that resulted in a short swing profit within the statutorily-precluded period of 6 months. However, since early August, Microbot has been on notice that Alliance, the broker dealer, was not the beneficial owner of the shares at issue. Rather, the owner was Mr. Joseph Mona, a client of Alliance who held an account there. Since that time, Alliance had disclosed the identity of the account holder to Microbot, made corrective filings with the Securities and Exchange Commission to correct its previous erroneous filings (which suggested it was the beneficial owner), produced copies of Mr. Mona's account statements showing that all the securities at issue were indeed beneficially owned by him, produced copies of Mr. Mona's account agreement showing that Alliance's sole economic interest in the account was a per-trade commission and that the account was non-discretionary with all trades client-directed, and, most recently, produced Mr. Mona's trading records for the relevant period which associate every trade in Microbot stock with Mr. Mona's Alliance account number. In addition, Mr. Mona himself has made his own filings with the SEC claiming ownership of the securities at issue.

Faced with overwhelming and indisputable evidence that its claims may only be asserted against Mr. Mona, and having received Mr. Mona's trading records, which it long sought, rather than agree to dismiss this action against Alliance and file a proper case in

2

the proper place against the proper defendant, Microbot has instead responded by filing a Second Amended Complaint, adding Mr. Mona as a defendant, and keeping Alliance in on a joint, several, and in the alternative basis.

Microbot's strategy has been clear from the start: It knows very well that it has no claim against Alliance, but it hopes to extract all information it possibly can from Alliance about Mr. Mona until the Court shuts the door. This strategy is not permitted under the Federal Rules of Civil Procedure. When a party and its counsel know that a claim is meritless, they may not continue to litigate it.

Despite being provided with incontrovertible evidence that the only material fact in this case - the identity of the beneficial owner of Microbot's shares for Section 16(b) purposes - is not genuinely at issue, Microbot has persisted in its lawsuit. This persistence is an improper waste of judicial and litigant resources. Because there is no genuine dispute that the beneficial owner of the shares is not Alliance, the claims against Alliance must be dismissed.

## STATEMENT OF UNDISPUTED FACTS

Defendant Alliance is a foreign asset management and financial advisory firm licensed by the Financial Services Commission of Jamaica, organized under the laws of Jamaica, and domiciled in Jamaica. *See* Rule 56.1 Statement at ¶ 1. Defendant Joseph Mona has been a client of Alliance's since February of 2006. See Rule 56.1 Statement at ¶ 1. Mr. Mona maintains sole discretion over the trades in his Alliance account, and he pays commission to Alliance on a "per trade" basis. Rule 56.1 Statement at ¶¶ 2, 3.

On January 17, 2019, Alliance filed a Form 3, "Initial Statement of Beneficial Ownership of Securities" with the U.S. Securities and Exchange Commission's ("SEC") EDGAR filing system indicating that, as of November 16, 2018, Alliance was the "beneficial owner" of a total of 300,320 shares of Microbot common stock (the "Shares"),

3

amounting to a greater than 10% stake in the outstanding common stock of Microbot. Rule 56.1 Statement at ¶ 6. Also on January 17, 2019, Alliance filed a Form 4, "Statement of Changes in Beneficial Ownership" with the SEC's EDGAR filing system reporting several trades (the "Trades") undertaken while Alliance was the purportedly the beneficial owner of a greater than 10% stake in the outstanding common stock of Microbot. Rule 56.1 Statement at ¶ 7. The Trades are as follows:

| Table I - Non-Derivative Securities Acquired, Disposed of, or Beneficially Owned | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 1. Title of Security (Instr. 3) | 2. Transaction Date (Month/Day/Year) | 2A. Deemed Execution Date, if any (Month/Day/Year) | 3. Transaction Code (Instr. 8) | | 4. Securities Acquired (A) or Disposed Of (D) (Instr. 3, 4 and 5) | | | 5. Amount of Securities Beneficially Owned Following Reported Transaction(s) (Instr. 3 and 4) | 6. Ownership Form: Direct (D) or Indirect (I) (Instr. 4) | 7. Nature of Indirect Beneficial Ownership (Instr. 4) |
| | | | Code | V | Amount | (A) or (D) | Price | | | |
| Microbot Med Inc, Common Stock | 11/19/2018 | | P | | 2,400 | A | $2.9975 | 302,720 | D | |
| Microbot Med Inc, Common Stock | 11/21/2018 | | P | | 24,873 | A | $2.2114 | 327,593 | D | |
| Microbot Med Inc, Common Stock | 11/21/2018 | | S | | 6,309 | D | $2.9556 | 321,284 | D | |
| Microbot Med Inc, Common Stock | 11/26/2018 | | P | | 37,986 | A | $1.9541 | 359,270 | D | |
| Microbot Med Inc, Common Stock | 01/08/2019 | | S | | 2,269 | D | $2.6983 | 357,001 | D | |
| Microbot Med Inc, Common Stock | 01/09/2019 | | P | | 14,280 | A | $2.1873 | 371,281 | D | |
| Microbot Med Inc, Common Stock | 01/09/2019 | | S | | 1,280 | D | $2.2678 | 370,001 | D | |
| Microbot Med Inc, Common Stock | 01/14/2019 | | P | | 1,773 | A | $6.4391 | 371,774 | D | |
| Microbot Med Inc, Common Stock | 01/14/2019 | | S | | 281,273 | D | $8.1554 | 90,501 | D | |
| Microbot Med Inc, Common Stock | 01/14/2019 | | S | | 500 | D | $10.3 | 90,001 | D | |
| Microbot Med Inc, Common Stock | 01/15/2019 | | P | | 19,593 | A | $9.3982 | 109,594 | D | |
| Microbot Med Inc, Common Stock | 01/15/2019 | | S | | 103,597 | D | $11.778 | 5,997 | D | |
| Microbot Med Inc, Common Stock | 01/16/2019 | | P | | 1,404 | A | $10.9916 | 7,401 | D | |
| Microbot Med Inc, Common Stock | 01/16/2019 | | S | | 7,400 | D | $10.3093 | 1 | D | |

Rule 56.1 Statement at ¶ 8. (emphasis on trades between 11/19/2018 and 01/14/2019 supplied).

The Form 3 and Form 4 filings (the "Alliance Filings") reporting beneficial ownership of Microbot common stock were made by Alliance under the incorrect Central Index Key ("CIK") number and were erroneous at the time they were made. Rule 56.1 Statement at ¶ 13. The Alliance Filings referenced Alliance's CIK number, when in fact the Trades had not been made by Alliance, but by a client of Alliance's, Mr. Joseph Mona. Rule 56.1 Statement at ¶¶ 21-24. Because Mr. Mona was the beneficial owner of the

4

Shares, all filings related to them should have been made under his CIK number. Rule 56.1 Statement at ¶¶ 5, 13, 16, 21-24, 30.

Alliance's error went unnoticed until April 28, 2019 when Microbot filed a Complaint against Alliance to recover alleged "short swing" profits under Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Act"), 15 U.S.C. 78p(b). Rule 56.1 Statement at ¶ 9. The Complaint alleged that Alliance "was, at all relevant times (meaning at all times during the period of the short-swing trading alleged herein), a beneficial owner of more than 10% of the Company's outstanding common stock and a statutory insider of the company, and profited from purchases and sales of the Company's common stock within a period of less than six months." *Id.* Plaintiff sought the return of "the profits realized from these transactions to the Company". Rule 56.1 Statement at ¶ 12.

On August 5, 2019 during a telephone conference, counsel for Defendant informed counsel for Plaintiff of Alliance's SEC filing error, stated that Alliance was not the beneficial owner of the Shares, and disclosed that the identity of the beneficial owner of the Shares was one of its clients, Mr. Joseph Mona. Rule 56.1 Statement at ¶ 14.

On August 6, 2019, the parties appeared before this Court for an initial case management conference during which Alliance's counsel informed the Court of the filing error that Alliance had made and explained on the record that Mr. Mona, and not Alliance, was the beneficial owner of the Shares. Rule 56.1 Statement at ¶ 15. On August 14, 2019, Alliance submitted a letter to the SEC via the EDGAR system in which it formally requested the removal of the incorrect filings related to the Trades as having been filed under the wrong CIK number. Rule 56.1 Statement at ¶ 16. The SEC acknowledged the submission of the letter by automated email. Rule 56.1 Statement at ¶ 17.

5

On September 9, 2019, Alliance served Verified Responses to Plaintiff's First Set of Interrogatories (the "Verified Interrogatory Responses"). Rule 56.1 Statement at ¶ 18. In its Verified Interrogatory Responses, executed under the pains and penalties of perjury, Alliance objected to each and every interrogatory on the basis that it "is not now and never has been the beneficial owner of the Microbot Medical Inc. securities at issue in this case and that, having corrected its SEC filings, Alliance is no longer the proper recipient of discovery in this action as the action relates solely to trading conducted by a non-party, Joseph Mona." *Id.* The Interrogatory Responses were signed by Alliance's Chief Executive Officer, Peter Chin. *Id.*

Also on September 9, 2019, Alliance served Defendant's Responses to Plaintiff's First Set of Document Requests (the "Document Request Reponses). Rule 56.1 Statement at ¶ 19. Alliance objected to each and every document request propounded by Plaintiff on the basis that "Alliance . . . is not the proper defendant in this case because it is merely a broker, and not the beneficial owner of any shares in plaintiff Microbot Medical, Inc." and that "[w]hile it filed certain SEC forms that indicate to the contrary, those forms were filed in error." *Id.* Alliance stated that it "never had voting control nor a pecuniary interest in the shares at issue" and that Plaintiff's use of the lawsuit to obtain material only relevant to a future or contemplated matter against a non-party in the present case was improper. *Id.*

The person who had in fact made the Trades was Alliance's client, Mr. Joseph Mona. Rule 56.1 Statement at ¶¶ 5, 13, 16, 21-24, 30. Mr. Mona and his wife Lauretta (the "Monas") have been clients of Alliance's since February of 2008. Rule 56.1 Statement at ¶ 2. The Monas maintain sole discretion over the trades in their account and pay Alliance commission on a "per trade" basis. Rule 56.1 Statement at ¶¶ 3-4.

On October 18, 2019, Mr. Mona filed a Form 3, "Initial Statement of Beneficial Ownership of Securities" with the SEC's EDGAR filing system indicating that, as of

6

November 16, 2018, he was the "beneficial owner" of a total of 300,320 shares of Microbot common stock, amounting to a greater than 10% stake in the outstanding common stock of Microbot at that time. Rule 56.1 Statement at ¶ 21. By this filing, Mr. Mona notified the SEC that he, and not Alliance, was the beneficial owner of the Shares at all relevant times. *Id.* On the same day, Mr. Mona made two Form 5 filings, "Annual Statement of Changes in Beneficial Ownership" ("Mona Form 5-1" and "Mona Form 5-2") with the SEC's EDGAR filing system reporting certain trades undertaken by him while he was the beneficial owner of a greater than 10% stake in the outstanding common stock of Microbot during late 2018 and early 2019. Rule 56.1 Statement at ¶ 22. Finally, on October 28, 2019, Mr. Mona made an additional corrected Form 5 filing, "Annual Statement of Changes in Beneficial Ownership" (the "Corrected Form 5 Filing") with the SEC's EDGAR filing system correcting his reporting in Mona Form 5-2 of certain trades undertaken by him while he was the beneficial owner of a greater than 10% stake in the outstanding common stock of Microbot. Rule 56.1 Statement at ¶ 23. By his Form 3, the Mona Form 5-1, and the Corrected Form 5 filings, Mr. Mona reported to the SEC that he owned and traded the same exact position in Microbot stock that had been incorrectly attributed to Alliance, in the period during which he (not Alliance) was a greater than 10% owner in the outstanding common stock of Microbot. In short, he owned the Shares and made the Trades:

| 1. Title of Security (Instr. 3) | 2. Transaction Date (Month/Day/Year) | 2A. Deemed Execution Date, if any (Month/Day/Year) | 3. Transaction Code (Instr. 8) | 4. Securities Acquired (A) or Disposed Of (D) (Instr. 3, 4 and 5) | | | 5. Amount of Securities Beneficially Owned at end of Issuer's Fiscal Year (Instr. 3 and 4) | 6. Ownership Form: Direct (D) or Indirect (I) (Instr. 4) | 7. Nature of Indirect Beneficial Ownership (Instr. 4) |
|---|---|---|---|---|---|---|---|---|---|
| | | | | Amount | (A) or (D) | Price | | | |
| Microbot Medical Common Stock | 11/19/2018 | | P5 | 2,400 | A | $2.99 | 348,971 | D | |
| Microbot Medical Common Stock | 11/21/2018 | | P5 | 24,873 | A | $2.21 | 348,971 | D | |
| Microbot Medical Common Stock | 11/21/2018 | | S5 | 6,309 | A | $2.96 | 348,971 | D | |
| Microbot Medical Common Stock | 11/26/2018 | | P5 | 37,986 | A | $1.95 | 348,971 | D | |

Table I - Non-Derivative Securities Acquired, Disposed of, or Beneficially Owned

| Table I - Non-Derivative Securities Acquired, Disposed of, or Beneficially Owned | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 1. Title of Security (Instr. 3) | 2. Transaction Date (Month/Day/Year) | 2A. Deemed Execution Date, if any (Month/Day/Year) | 3. Transaction Code (Instr. 8) | 4. Securities Acquired (A) or Disposed Of (D) (Instr. 3, 4 and 5) | | | 5. Amount of Securities Beneficially Owned at end of Issuer's Fiscal Year (Instr. 3 and 4) | 6. Ownership Form: Direct (D) or Indirect (I) (Instr. 4) | 7. Nature of Indirect Beneficial Ownership (Instr. 4) |
| | | | | Amount | (A) or (D) | Price | | | |
| Microbot Medical Common Stock | 01/08/2019 | | S | 2,269 | D | $2.7 | 0 | D | |
| Microbot Medical Common Stock | 01/09/2019 | | P5 | 14,280 | A | $2.19 | 0 | D | |
| Microbot Medical Common Stock | 01/09/2019 | | S5 | 1,280 | D | $2.27 | 0 | D | |
| Microbot Medical Common Stock | 01/14/2019 | | P5 | 1,773 | A | $6.43 | 0 | D | |
| Microbot Medical Common Stock | 01/14/2019 | | S | 281,773 | D | $8.16 | 0 | D | |

Rule 56.1 Statement at ¶ 24.

In addition to his public filings, Mr. Mona's account statements for dates including 10/31/2018, 11/30/2018, 12/31/2018, and 01/31/2019 were produced to Plaintiff and are further evidence that Mona, not Alliance, held a position in Microbot securities during the alleged "short swing" window and made the trades at issue. Rule 56.1 Statement at ¶ 5.

Apparently dissatisfied with (1) Alliance's statements to this Court; (2) statements made by both Alliance and Mr. Mona under the pains and penalties of perjury to the SEC; (3) statements made under the pains and penalties by Alliance in its Verified Interrogatory Responses; and (4) discovery evidencing Mr. Mona's account with Alliance and his beneficial ownership of Microbot shares during the alleged "short swing" period, on October 25, 2019, Plaintiff filed a Letter Motion for Discovery with the honorable Judge Robert W. Lehrburger seeking, as relevant here, Mr. Mona's trading records in Microbot securities during the relevant period "in exculpation of [Alliance]'s liability". Rule 56.1 Statement at ¶ 25.

On October 29, 2019, Alliance filed a motion for summary judgment, asserting that the "incontrovertible evidence" already in the record was sufficient to demonstrate that "there is no genuine dispute that the beneficial owner of the shares is not the sole defendant in this case, but rather a non-party." Rule 56.1 Statement at ¶ 27.[1]

---

[1] Alliance responded to the Letter Motion On October 29, 2019, asserting that the documents produced to date and public filings made by Alliance and Mr. Mona (since the

On November 7, 2019 the parties attend a telephone conference convened by Judge Lehrburger to resolve certain discovery disputes raised in Plaintiff's October 25, 2019 Letter Motion. Rule 56.1 Statement at ¶ 28. As relevant here, Plaintiff sought an order of the court compelling Alliance to produce Mr. Mona's trading records. Counsel for Plaintiff, David Lopez, stated that in his view the evidence on the record to date regarding beneficial ownership, which included statements to the SEC and this Court made under pains and penalties of perjury, was not sufficient or "objective" such that Plaintiff would dismiss Alliance from the case. *Id.* Counsel for Alliance, Danielle McLaughlin, reiterated Alliance's position that there was sufficient material in the record to prove that Alliance was not the beneficial owner of the shares, and its concerns that Plaintiff's counsel were improperly using litigation against Alliance to obtain discovery against non-party Joseph Mona. *Id.*

On November 7, 2019, by minute order, the honorable Judge Lehrburger ordered Alliance to produce Mr. Mona's Trading Records to Plaintiff, rendering Alliance's summary judgment motion moot. Rule 56.1 Statement at ¶ 29. Judge Lehrburger granted Microbot leave to file a second amended complaint to add Joseph Mona as a defendant, adding that "[h]owever, Plaintiff will have to make its own determination as to whether it has a good faith basis to maintain Alliance Investment Management, Ltd. as a defendant;

---

last conference) "unequivocally preclude the possibility that *Alliance*, the sole defendant in this case, ever owned a 10% interest in Microbot's shares so as to subject it to potential liability under Section 16(b of the Securities Exchange Act of 1934, 15 U.S.C. 78(p)(b)." Rule 56. 1 Statement at ¶ 26. Characterizing Plaintiff's additional discovery requests as a "fishing expedition", Defendant pointed out that there was no issue of material fact as to the beneficial owner of the Microbot shares at issue. *Id.*

9

and, if not, *whether Plaintiff can in good faith proceed with amending the current complaint or instead will need to take some other action*. *Id.* (emphasis added).

On November 13, 2019, Defendant produced twenty pages of detailed Trading Records to Plaintiff which identified Mr. Mona's trades by his Alliance account number (previously disclosed to Plaintiff) and which set out every trade by Mr. Mona in Microbot securities between December 2016 and February 2019 during the alleged "short swing" period (the "Mona Trading Records").  Rule 56.1 Statement at ¶ 30.

Despite now being in receipt of the Mona Trading Records, on November 18, 2019, Plaintiff filed a Second Amended Complaint in which it named *both* Alliance and Joseph Mona as defendants on a "joint[], several[], or in the alternative" basis.  Rule 56.1 Statement at ¶ 32.  Plaintiff averred that Mr. Mona had filed Forms 3 and 5 with the SEC "reporting substantially the same transactions [as Alliance] as having been engaged in by himself", but alleged "on information and belief" that " Alliance and/or Joseph Mona was or were the "beneficial owner" or "beneficial owners" jointly, severally, or in the alternative" of the Shares and that it "will need to discover the respective pecuniary interests of each of the Defendants, if any, and proceed against that or those Defendants to the extent thereof."  Rule 56.1 Statement at ¶¶ 33-35.  This, despite the fact that Alliance stated in its Verified Interrogatory responses more than two months earlier that Alliance "is not now and never has been the beneficial owner of the Microbot Medical Inc. securities at issue in this case." Rule 56.1 Statement at ¶ 18.

The Second Amended Complaint contains no new allegations against Alliance. Rule 56.1 Statement at ¶ 33.

**LEGAL STANDARD**

Summary judgment is proper if, viewing all evidence in the record in a light most favorable to the non-moving party, "no genuine issue of material fact remains for adjudication." *Samuels v. Mockry*, 77 F.3d 34, 35 (2d Cir. 1996) *citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–50 (1986). "An issue of fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Sec. & Exch. Comm'n v. Yorkville Advisors, LLC*, 305 F. Supp. 3d 486, 509 (S.D.N.Y. 2018) (GBD) *citing Gayle v. Gonyea,* 313 F.3d 677, 682 (2d Cir. 2002) (*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is material when "it 'might affect the outcome of the suit under the governing law.'" *Id.*

The party moving for summary judgment has the burden of demonstrating to the court that no genuine issue of material fact exists. *Sec. & Exch. Com"n*, 305 F. Supp at 509 *citing Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002). When moving for summary judgment against the party who will bear the ultimate burden of proof at trial, "the movant may satisfy its burden by pointing to an absence of evidence to support an essential element of the nonmoving party's claim." *Gummo v. Village of Depew*, 75 F.3d 98, 107 (2d Cir.1996) (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)). Then, the burden shifts to the non-moving party to raise a genuine issue of material fact by producing admissible evidence that supports its pleadings. *Sec. & Exch. Comm'n*, 305 F. Supp at 509 *citing First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289–90 (1968). It is insufficient for the non-moving party to show only that there is "some metaphysical doubt as to the material facts," *id. citing Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir. 2002) (*quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), and nor may it rely on "conclusory allegations or

11

unsubstantiated speculation." *Id. citing Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 428 (2d Cir. 2001) (*quoting Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998)).

## ARGUMENT

**1. Alliance is Not the Beneficial Owner of The Shares and So Plaintiff Has No Legally Cognizable 16(b) Claim Against it.**

15 U.S.C. 78P(b) is designed to prevent "the unfair use of information which may have been obtained by [a] beneficial owner" by disgorging "any profit realized by him from any purchase and sale, or any sale and purchase, of any equity security" in any period of less than six months, when that beneficial owner possesses "more than 10 percent of any class of any equity security." 15 U.S.C. 78P(a), (b).

A beneficial owner's ownership and trades while in this "inside position" are required by law to be disclosed in SEC Forms 3, 4 and 5, which set out the name, trading record, and amount of securities owned by a beneficial owner of stocks. 15 U.S.C. 78P(a)(2), (3). These forms are "filed with the SEC under penalty of perjury" and are "routinely accepted by courts on motions to dismiss securities fraud complaints and are considered for the truth of their contents." *Malin v. XL Capital Ltd.*, 499 F. Supp. 2d 117, 132 (D. Conn. 2007), *aff'd*, 312 F. App'x 400 (2d Cir. 2009) (internal citation omitted). The forms are "required by law to be filed with the SEC, and no serious question as to their authenticity can exist." *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991). *See also In re Bristol–Myers Squibb Sec. Litig.,* 312 F. Supp. 2d 549, 561, n. 6 (S.D.N.Y. 2004) (relying on the Forms 4 and 5 filed by the individual defendants, which recorded changes in beneficial ownership of the securities held, as evidence of the individual defendants' stock sales) *and Ressler v. Liz Claiborne, Inc.,* 75 F. Supp. 2d 43, 57 (E.D.N.Y. 1998) (considering SEC disclosure documents as evidence of stock transactions), *aff'd*, 189 F.3d 460, 1999 WL 568023 (2d Cir. 1999). Importantly,

"regulations promulgated by the [SEC] provide that "[a]ny person may expressly declare in any statement filed that the filing of such statement *shall not be construed as an admission that such person is,* for the purposes of Sections 13(d) or 13(g) of the [Exchange] Act, *the beneficial owner of any securities covered by the statement.*" *Morales v. Quintel Entm't, Inc.*, 249 F.3d 115, 129 (2d Cir. 2001) *citing* 17 C.F.R. § 240.13d–4 (2000) (emphasis supplied).

Here, the public SEC filings as well as Mr. Mona's account application, his trading account statements, and his Trading Records demonstrate clearly that Mr. Mona, and not Alliance, was the beneficial owner of greater than 10% of Microbot outstanding common shares when the Trades were made and that he, and not Alliance, is the alleged 16(d) insider against whom any suit to recover short-swing profits might be brought. The very same Trades that Alliance incorrectly attributed to its own CIK number have been withdrawn, and the actual beneficial owner, Mr. Mona, has made corrective filings with the SEC of the *exact same trades on the exact same dates in the exact same amounts at the exact same prices*. Moreover, Mr. Mona's filings did not contain any express disclaimer - as was his right - that he was *not* the beneficial owner of the Shares.

Microbot bears the burden at trial of proving who the beneficial owner of the Shares is. Alliance "need not prove a negative" when it moves for summary judgment on such an issue, needing only to "point to an absence of proof on the plaintiff's part, and at that point, plaintiff must 'designate specific facts showing that there is a genuine issue for trial." *Parker v. Sony Pictures Entm't, Inc.*, 260 F.3d 100, 111 (2d Cir. 2001) (*quoting Celotex*, 477 U.S. at 324).

And yet here, Alliance has done one step better: not only is there no evidence supporting the claim that Alliance is the beneficial owner of the Shares, the record conclusively indicates *who the beneficial owner is*. This "essential element", *Gummo v.*

*Village of Depew*, 75 F.3d at 107, of Microbot's claim is not genuinely at issue: Microbot has not, and simply cannot, present any evidence to this Court that would support a jury verdict in its favor against Alliance. *Anderson*, 477 U.S. at 249.

Because there is no genuine dispute as to the sole dispositive material fact in this case, summary judgment should be granted in favor of Alliance dismissing the action against it.

**2. Defendant's Renewed Motion For Summary Judgment is Timely and Appropriate**

Rule 56(b) allows a summary judgment motion to be made "at any time." Fed. R. Civ. P. 56(b). Although a district court may deny a summary judgment motion as premature when brought by a defendant prior to the close of discovery, *Cohen v. Schroeder*, No. 15-CV-6881 (RJS), 2016 WL 1070851, at *5 (S.D.N.Y. Mar. 16, 2016) (internal citations omitted), such denials are generally issued because "discovery over relevant matters is incomplete." *Toussie v. Allstate Ins. Co.*, 213 F. Supp. 3d 444, 445 (E.D.N.Y. 2016) (internal citations omitted). *See also Infostar Inc. v. Worcester Ins. Co.*, 924 F. Supp. 25, 29 (S.D.N.Y. 1996) (*citing Celotex*, 477 U.S. at 322) (summary judgment "should only be entered on the ground that the non-movant's proof is insufficient when the nonmovant has had an adequate opportunity to conduct discovery").

Here, however, because the 16(b) statute conveys liability upon the beneficial owner of the Shares, the dispositive "relevant matter" in this case is the identity of the beneficial owner. *Toussie*, 213 F. Supp. at 445. Microbot has conducted discovery over Alliance's continuing objection for months, and for months after Alliance made sworn statements to the SEC and to Microbot in Verified Interrogatory Responses that it was not the beneficial owner of the Shares. Microbot is the recipient of a production of documents from Alliance setting out the existence of and nature of Mr. Mona's account, proof of Mr.

14

Mona's *ownership* of the Shares during the alleged "short swing" period, and now the Trading Records evidencing the shares *traded by* Mr. Mona during the alleged "short swing" period. Attached to this motion is a declaration from Alliance CEO Peter Chin made under the penalty of perjury stating that the Trading Records are a true, accurate, and complete record of Mr. Mona's entire trading history in Microbot Securities, performed in Mr. Mona's sole Alliance brokerage account, during the alleged "short swing" period. Microbot also has access to all public SEC filings via EDGAR and has acknowledged in its Second Amended Complaint that Mr. Mona has filed Forms 3 and 5 with the SEC "reporting substantially the same transactions" as Alliance mistakenly credited to its own CIK number.

Where a defendant is clearly improperly held in a lawsuit and no material issue of fact remains, summary judgment prior to the end of discovery is proper. *See Levy v. Town of N. Hempstead*, No. 12-CV-1777, 2013 WL 5276559, at *1 (E.D.N.Y. Sept. 18, 2013) ("because the uncontroverted facts clearly demonstrate that the Town Defendants have no connection to this case, the Court grants the Town Defendants' motion for summary judgment even though the parties have not completed discovery.")

In addition, Fed. R. Civ. P. 1 directs the district courts to apply the Federal rules to ensure a "just, speedy, and inexpensive" determination of a case. Fed. R. Civ. P. 1. Summary judgment is an "integral part of the Federal Rules" and must be construed "not only for the rights of persons asserting claims and defenses that are adequately based in fact to have those claims and defenses tried to a jury, *but also for the rights of persons opposing such claims and defenses to demonstrate in the manner provided by the Rule, prior to trial, that the claims and defenses have no factual basis*." *Gerffert Co. v. Yipkon Corp.,* No. CIV 88-1878, 1989 WL 121057, at *2 (E.D.N.Y. Sept. 26, 1989) *citing Celotex*, 477 U.S. at 327 (emphasis in original). Summary judgment allows a court to

"streamline the process for terminating frivolous claims and to concentrate its resources on meritorious litigation." *Id.* citing *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 12 (2d Cir.1986), *cert. denied,* 480 U.S. 932 (1987).

The record in this case contains incontrovertible evidence that Alliance is not the beneficial over of the Shares and did not make the Trades. It is in the interests of justice and preservation of court resources that this Court end this mis-directed case against Alliance by granting summary judgment in its favor.

Alliance respectfully requests oral argument on its motion for summary judgment.

## CONCLUSION

For the foregoing reasons, Alliance respectfully requests that the Court grant its motion for summary judgment.

FORD O'BRIEN LLP

  /s/Danielle M. McLaughlin
Adam Ford
Robert Landy
Danielle McLaughlin
575 5th Avenue, 17th Floor
New York, NY 10017
aford@fordobrien.com
rlandy@fordobrien.com
dmclaughlin@fordobrien.com
*Attorneys for Defendant Alliance Investment Management Ltd.*

Dated: New York, New York
December 3, 2019

16