UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ x

MICROBOT MEDICAL, INC.,

              Plaintiff,

   -against-

ALLIANCE INVESTMENT MANAGEMENT LTD., and JOSEPH MONA,

              Defendants.

------------------------------------ x

MEMORANDUM DECISION
AND ORDER

19 Civ. 3782 (GBD) (RWL)

GEORGE B. DANIELS, United States District Judge:

    Plaintiff Microbot Medical, Inc. ("Microbot") brings this action against Defendants Alliance Investment Management, Ltd. ("Alliance") and Joseph Mona ("Mona"). Plaintiff alleges that Defendants violated Section 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78p(b), by buying and selling Microbot stock within a six month period while owning more than 10% of the company's stock. (Second Am. Compl., ECF No. 44, ¶ 1–3.) Alliance subsequently filed a motion for summary judgment, asserting that it was not a beneficial owner of Microbot stock during the relevant statutory period. (Notice of Renewed Mot. for Summ. J., ECF No. 45.) Microbot and Alliance also filed cross-motions for sanctions, pursuant to Federal Rule of Civil Procedure 11. Before this Court is Magistrate Judge Robert W. Lehrburger's August 18, 2020 Report and Recommendation (the "Report"), recommending that (1) Alliance's motion for summary judgment be granted, dismissing Microbot's claims against Alliance with prejudice, and (2) the cross-motions for Rule 11 sanctions be denied.[1] (Report, ECF No. 97, at 29.) Magistrate Judge Lehrburger advised the parties that failure to file timely objections to the Report would

---

[1] The relevant factual and procedural background is set forth in greater detail in the Report and is incorporated by reference herein.

1

constitute a waiver of those objections on appeal. (*Id.*) No objections have been filed. Having reviewed the Report for clear error and finding none, this Court ADOPTS the Report.

## I. FACTUAL BACKGROUND

On January 17, 2019, Alliance, a foreign asset management and financial advisory firm, filed a Form 3 "Initial Statement of Beneficial Ownership of Securities" with the U.S. Securities and Exchange Commission (the "SEC"). (Alliance's Statement of Undisputed Facts for Summ. J., ECF No. 45-2 ("SOF") at ¶ 6.) Alliance disclosed that it was the beneficial owner of 300,320 shares of Microbot common stock. That same day, Alliance filed a Form 4 "Statement of Changes in Beneficial Ownership," reporting various trades of Microbot common stock. (*Id.* at ¶ 7–8.) As a result, Microbot filed this action on April 28, 2019 against Alliance, seeking to recover alleged "short-swing" profits under § 16(b) of the Securities and Exchange Act of 1934. (ECF No. 1; SOF ¶ 9.) Microbot's complaint prompted Alliance to realize its filing error and on August 14, 2019, Alliance sent a letter to the SEC requesting that it delete Alliance's Form 3 and Form 4 filings, because they were filed under the incorrect Central Index Key ("CIK number"),[2] 0001748828. The forms should have been filed under CIK number 000883975 because Alliance's client, Defendant Mona, is "the actual beneficial owner[s] of the [Microbot stock]." (*See* SOF ¶¶ 13–14, 16–17)

On August 16, 2019, Alliance filed its Answer to Microbot's Amended Complaint, asserting again that it made its Form 3 and Form 4 filings in error, and that the SEC was acting on Alliance's request to remove these filings. (Answer, ECF No. 21, ¶ 3.) Correspondingly, on October 18, 2019, Defendant Joseph Mona filed a Form 3 "Initial Statement of Beneficial

---

[2] A CIK number "is used on the SEC's computer systems to identify corporations and individual people who have filed disclosure[s] with the SEC." *Edgar Company Fillings: CIK Lookup*, U.S. SECURITIES AND EXCHANGE COMMISSION, https://www.sec.gov/edgar/searchedgar/cik.htm (last visited Sept. 16, 2020).

2

Ownership of Securities" with the SEC, disclosing that he was the beneficial owner of the same number of shares of Microbot common stock erroneously reported by Alliance. (SOF ¶ 21.) That same day, Defendant Mona reported certain trades of Microbot stock made in his account with Alliance on two Form 5 filings with the SEC. (SOF ¶ 22.) On October 28, 2019, Mr. Mona made another Form 5 filing with the SEC, correcting certain omissions that he had made in one of his October 18, 2019 Form 5 filings. (SOF ¶ 23.) Mr. Mona's Form 3 and Form 5 filings disclosed to the SEC that he owned the same number of shares and executed the same transactions that Alliance erroneously attributed to itself in its January 17, 2019 Form 3 and Form 4 filings. (SOF ¶ 24.)

During discovery in this case, Alliance continued to inform Microbot that it was not a beneficial owner of Microbot stock during the relevant time period. (SOF ¶¶ 18–19; Decl. of Danielle M. Mclaughlin in Supp. of Defs.' Renewed Mot. for Summ. J. ("Def. Decl."), Ex. 6 (Alliance Investment Management Ltd.'s Resp. to Microbot Medical Inc.'s First Set of Interrogs.), ECF No. 45-11; *id.*, Ex. 7 (Def.'s Resp. to Pl.'s First Set of Document Reqs.), ECF No. 45-12.) Alliance also produced account information and trading data for Defendant Mona's account. (SOF ¶¶ 20, 30–31; Def. Decl., Ex. 3; *id.*, Exs. 15–16.) On November 18, 2019, Microbot filed a Second Amended Complaint adding Joseph Mona as a defendant. (Am. Compl., ECF No. 44; SOF ¶ 32.) On December 3, 2019, Alliance filed its motion for summary judgment. (ECF No. 45.)

On December 11, 2019, in its response to Microbot's December 7, 2019 motion to compel discovery, Alliance confirmed that as of December 9, 2019, the SEC removed Alliance's erroneous filings from EDGAR. (Letter dated December 11, 2019, ECF No. 52.) On January 6, 2020, Microbot filed its Rule 11 motion for sanctions, alleging that Alliance filed its motion for summary judgment to delay and prolong discovery. (Pl.'s Mot. for Sanctions Under Rule 11, F.R.C.P., ECF

No. 54.) On February 7, 2020, Alliance filed its cross motion for sanctions, which it later amended on February 26, 2020, asserting that Microbot's Section 16(b) claim against Alliance lacked a factual basis and Microbot's motion for sanctions contained misstatements of law and fact. (Def. Alliance Investment Management's Mot. for Sanctions Under Fed. R. Civ. P. 11, ECF No. 68.)

## II. LEGAL STANDARD

### A. Reports and Recommendations.

"Although a magistrate may hear dispositive pretrial motions, he may only submit proposed findings of fact and recommendations for disposition of the matter." *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990). The district court must review *de novo* the portions of a magistrate judge's report and recommendation to which a party properly objects. 28 U.S.C. § 636(b)(1)(C). However, the district court need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). Instead, it is sufficient that the district court "arrive at its own, independent conclusion" regarding those portions of the report to which objections are made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985) (citation omitted).

Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). Clear error is present when "upon review of the entire record, [the court is] 'left with the definite and firm conviction that a mistake has been committed.'" *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted). "A magistrate's ruling is contrary to law if it 'fail[s] to apply or misapplies relevant statutes, case law, or rules of procedure[.]'" *Thai Lao Lignite (Thai.) Co. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 512 (S.D.N.Y. 2013) (first alteration in original) (citation omitted).

4

### B. Motion for Summary Judgment.

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Gayle v. Gonyea*, 313 F.3d 677, 682 (2d Cir. 2002) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is material when it "might affect the outcome of the suit under the governing law." *Gayle*, 313 F.3d at 682 (quoting *Anderson*, 477 U.S. at 248).

The party seeking summary judgment has the burden of demonstrating that no genuine issue of material fact exists. *See Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002). In turn, to defeat a motion for summary judgment, the opposing party must raise a genuine issue of material fact. *See Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir. 2002). To do so, it "must do more than simply show that there is some metaphysical doubt as to the material facts," *id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)), and it "may not rely on conclusory allegations or unsubstantiated speculation," *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 428 (2d Cir. 2001) (quoting *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998)). Rather, the opposing party must produce admissible evidence that supports its pleadings. *See First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289–90 (1968). In this regard, "[t]he 'mere existence of a scintilla of evidence' supporting the non-movant's case is also insufficient to defeat summary judgment." *Niagara Mohawk Power Corp. v. Jones Chem., Inc.*, 315 F.3d 171, 175 (2d Cir. 2003) (quoting *Anderson*, 477 U.S. at 252).

In determining whether a genuine issue of material fact exists, the court must construe the evidence in the light most favorable to the nonmoving party and draw all inferences in that party's

favor. *See id.* However, "a court must not weigh the evidence, or assess the credibility of witnesses, or resolve issues of fact." *Victory v. Pataki*, 814 F.3d 47, 59 (2d Cir. 2016) (citation and internal quotation marks omitted). Summary judgment is therefore "improper if there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party." *Marvel*, 310 F.3d at 286.

### C. Motion for Sanctions.

Under Federal Rule of Civil Procedure 11, sanctions may be imposed "when court filings are used for an 'improper purpose,' or when claims are not supported by existing law, lack evidentiary support, or are otherwise frivolous." *Ipcon Collections LLC v. Costco Wholesale Corp.*, 698 F.3d 58, 63 (2d Cir. 2012); *Edwards v. Barclays Servs. Corp.*, No. 19 Civ. 9326 (GBD)(GWG), 2020 WL 3446870, at *2–3 (S.D.N.Y. June 24, 2020). Rule 11 "is targeted at situations where it is patently clear that a claim has absolutely no chance of success under the existing precedents, and where no reasonable argument can be advanced to extend, modify or reverse the law as it stands." *Associated Indem. Corp. v. Fairchild Indus., Inc.*, 961 F.2d 32, 34 (2d Cir. 1992) (citation omitted).

"[S]anctions should be imposed with caution," *Savino v. Comput. Credit, Inc.*, 164 F.3d 81, 88 (2d Cir. 1998), and "should be reserved for extreme cases," *Sorenson v. Wolfson*, 170 F.Supp.3d 622, 626 (S.D.N.Y. 2016), *aff'd*, 683 F. App'x 33 (2d Cir. 2017); *see also E. Gluck Corp. v. Rothenhaus*, 252 F.R.D. 175, 178 (S.D.N.Y. 2008) ("Courts may issue Rule 11 sanctions only in extraordinary circumstances." (citations omitted)).

### III. THE REPORT IS ADOPTED

#### A. The Motion for Summary Judgment.

Magistrate Judge Lehrburger properly found that Alliance met its burden of establishing that it was not a beneficial owner of Microbot stock during the relevant period. Indeed, as Magistrate Judge Lehrburger correctly outlined, Alliance has offered extensive evidence showing that it erroneously claimed beneficial ownership in its SEC filings and that, instead, Defendant Mona was the beneficial owner during the relevant time period. (Report at 14.) Also, as outlined in the Report, the SEC expunged Alliance's erroneous filings from EDGAR. (*Id.* at 15.) Defendant Mona's SEC filings indicating that he owned the same number of Microbot shares and made the same trades as recorded in Alliance's previous incorrect filings further confirms that Alliance was not the beneficial owner of Microbot shares. (*Id.* at 15–16.) Lastly, Magistrate Judge Lehrburger properly found that Alliance's factual statements were unrefuted. (*Id.* at 16.) Accordingly, Magistrate Judge Lehrburger was correct in concluding that there is no genuine issue of material fact regarding whether Alliance was a beneficial owner of Microbot shares and that further discovery on this issue would be futile. (*Id.* at 16, 20.)

#### B. The Cross Motions for Sanctions.

Magistrate Judge Lehrburger properly found that both parties failed to sufficiently provide grounds for the imposition of Rule 11 sanctions against the other. (Report at 21.) Magistrate Judge Lehrburger correctly concluded that Alliance had a reasonable basis to move for summary judgment, considering the evidence it produced showing that Defendant Mona was actually the beneficial owner of Microbot stock during the relevant time period and Alliance's repeated insistence that it has never been a beneficial owner. (*Id.* at 24.) On the other hand, Magistrate Judge Lehrburger correctly concluded that Microbot's factual assertions were not wholly lacking support at the time made. (*Id.*) Moreover, Magistrate Judge Lehrburger appropriately determined

that, while Microbot's continued incorrect legal contention rose to the level of gross negligence, it was not willful and was so inconsequential that it did not warrant an imposition of sanctions. (*Id.* at 28.) Therefore, sanctions are not warranted here.

## I. CONCLUSION

Magistrate Judge Lehrburger's Report is ADOPTED. Alliance's motion for summary judgment, (ECF No. 45), is GRANTED and Microbot's claims as against Alliance are dismissed with prejudice. The cross-motions, (ECF Nos. 54 and 68), for Rule 11 sanctions are DENIED. The Clerk of Court is directed to close the motions accordingly.

Dated: New York, New York
       September 17, 2020

SO ORDERED.

*George B Daniels*

GEORGE B. DANIELS
United States District Judge