UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICROBOT MEDICAL INC., | 19-CV-3782 (GBD) (RWL) |
| Plaintiff, | |
| v. | |
| JOSEPH MONA, | |
| Defendant. | |

**REPLY BRIEF IN FURTHER SUPPORT OF
MICROBOT'S MOTION FOR SUMMARY JUDGMENT**

The basis for Microbot's summary judgment motion is that Mona unable to establish two necessary elements of his Rule 10b-5 claim: the elements of (1) reliance – a/k/a "transaction causation;" and (2) loss causation. The scope of this motion was outlined in Microbot's letter requesting permission to move for summary judgment, which the Court granted. (*See* Order, Dkt #202.)

Mona first addresses these elements in the last four pages of his opposition brief at pp. 21-24. The first 20 pages are devoted to separate and additional elements of his fraud claim—e.g., falsity, materiality, scienter. These elements of Mona's claim have not been proven, and whether they can be established may depend on the credibility of witnesses, including the IR consultants who made the alleged misrepresentations, and who Mona has chosen not to depose. In any even, these elements are not at issue on this motion. Microbot asserts that even assuming, *arguendo*, that these other elements can be established, Mona's fraud claim cannot succeed because the evidence does not permit the inference that the alleged misrepresentations by the IR consultants (1) caused Mona to purchase Microbot stock; and (2) caused him to sell that stock at a loss.

Microbot emphasizes that Mona's outstanding 10b-5 claim is based on three alleged misrepresentations that Mona assets were made to him personally by Microbot's former IR consultants. As the Court correctly noted, Mona is required to establish that he purchased Microbot shares in reliance on these specific statements, as isolated from the myriad alleged misrepresentations recited in his Amended Counterclaim, which have already been dismissed with prejudice. (*See* Pl. R.56.1 Stmt., Dkt #211, ¶¶18-19.)

Mona was selling stock in high volume throughout the period that he claims to have been purchasing stock in reliance on the alleged IR consultant misrepresentations. (*See* Pl. R.56.1 Stmt. ¶¶60-62) (Mona alleges that he bought 100,000 shares in the week following his August 7, 2017 call with Jeremy Roe; he subsequently sold more than 372,374 shares between August 14, 2017 and his alleged conversation with Anthony Altavilla on October 2); (*see* Pl. R.56.1 Stmt. ¶¶69-71) (during the alleged period of reliance, from August 7 2017 to May 2018, Mona bought a total of 2,905,933 shares and sold a total of 1,139,122 shares). Mona's admission that he was following his own trading strategy in selling stock is incompatible with his claim to have relied on the IR consultants in purchasing the stock. (*See* Pl. Br., Dkt #210, pp.7-8, 10) (citing cases).

Mona insists that his reliance on the IR consultants was reasonable (*see* Def. Br., Dkt #216, pp.22-23)—which Microbot disputes, particularly given Mona's deliberate contravention of the Pattern Day Trading Rules (*see* Pl. Br. p.11). But Mona cannot explain how his trading record could support the inference that he was trading in reliance on the IR consultants in the first instance.

Mona also does not dispute that his average sale price was higher than his average purchase price during the alleged period of reliance. (*See* Pl. R.56.1 Stmt. ¶¶60-62; ¶¶69-71.) Moreover, Mona does not dispute that he sold all of the shares purchased in supposed reliance on

2

the IR consultant misrepresentations in market transactions prior to any corrective disclosure impacting the stock price. These facts negate any inference of loss causation. (*See* Pl. Br. pp.14-16.)

Mona purports to distinguish the cases cited by Plaintiffs because they involved 10(b) claims brought under a "fraud on the market" theory. This purported distinction is a red herring. The majority of 10(b) cases involve fraud on the market allegations, which permit claims to be brought by class action. But the basis on which courts have rejected a proposed lead plaintiff for inability to demonstrate reliance is personal: A proposed lead plaintiff who was selling during the alleged period of reliance cannot represent the class because that *particular plaintiff* cannot establish reliance. (*See* cases cited at Pl. Br. p.8.)

The fact that this is not a fraud on the market case only further demonstrates the unviability of Monas claim. Mona does not allege that a fraud has been perpetrated on the market, yet he claims to have bought and sold at market prices. In other words, the prices that Mona paid and received for stock he bought and sold on the public market have nothing to do with the personal fraud he alleges. Microbot is aware of no other case where a fraud claim has been upheld based on an alleged *private* representation made by someone who did not transact with the plaintiff and was not in privity with the plaintiff, or where a *personal misrepresentation* has been held to have induced *public market trades and losses*.

Finally, Microbot notes that Mona's Counterstatement improperly denies certain of Microbot's statements and/or improperly editorializes about their import without providing citations to the record supporting his denials. These denials should be stricken. *See, e.g., U.S Information Sys. v. Intl. Bhd. of* Elec*. Workers,* No. 00-CV-4763 (RMB)(JCF), 2006 WL 2136249, at *3 (S.D.N.Y. Aug. 1, 2006) ("A non-moving party cannot create a factual dispute merely by

3

denying a movant party's factual statement; rather, the non-moving party must identify controverting evidence for the court"); *see also Indus. Quick Search, Inc. v. Miller, Rosado & Algois, LLP*, No. 13-CV-5589, 2018 WL 264111, at *2 n.4 (S.D.N.Y. Jan. 2, 2018)

Meanwhile, Mona has also submitted his own lengthy 56.1 statement of additional facts. Microbot moves to strike this additional statement as improper. The statement consists entirely of quotations from documents that are not in dispute or else describes (and mischaracterizes) facts that are not in evidence or at issue in this case, and which are entirely extraneous to Microbot's motion. (*See* Mona 56.1 Stmt., Dkt #218, pp.3-6) (re: Sabby lawsuit, Alpha transaction, unrelated sales by board members).

Microbot moves to strike Mona's 56.1 statement in its entirety in lieu of responding to each one of Mona's extraneous additional paragraphs. *See U.S. Information*, 2006 WL 2136249, at *4 (plaintiff should have moved to strike instead of disputing objectionable 56.1 paragraphs). Microbot is prepared to file a responsive statement at the Court's instruction.

Dated:  May 1, 2023
New York, NY

Respectfully submitted,

| */s/ David Lopez* | */s/ Miriam Tauber* |
|---|---|
| David Lopez, Esq. (DL-6779) | Miriam Tauber (MT-1979) |
| LAW OFFICES OF DAVID LOPEZ | MIRIAM TAUBER LAW PLLC |
| 171 Edge of Woods Road, PO Box 323 | 885 Park Avenue 2A |
| Southampton NY 11968 | New York NY 10075 |
| (631) 287-5520 | (323) 790-4881 |
| DavidLopezEsq@aol.com | MiriamTauberLaw@gmail.com |

*Attorneys for Microbot Medical Inc.*