```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MICROBOT MEDICAL, INC.,                        :
                                               :          19-CV-3782 (GBD) (RWL)
                        Plaintiff,             :
                                               :
        - against -                            :          ORDER
                                               :
                                               :
JOSEPH MONA,                                   :
                                               :
                        Defendant.             :
------------------------------------------------------------X
```

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

Defendant Joseph Mona ("Mona") has moved to stay execution on the money judgment entered against him in favor of Plaintiff Microbot Medical, Inc. ("Microbot"), pending this Court's ruling on his pending motion to vacate and dismiss based on lack of standing. The motion to stay will be granted conditioned upon Mona's posting a suitable bond in the full amount of the money judgment. If Mona does not post a suitable bond for the full amount by December 29, 2023, no stay will take effect.

## Background

This is a "short-swing profits" case in which Microbot sued Mona under § 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78p(b), alleging that Mona was required to disgorge profits from his purchase and sale of securities during a period of less than six months when he became a beneficial owner of more than 10% of Microbot securities. On March 30, 2021, the Court granted Microbot's motion for judgment on the pleadings. (Dkt. 106.) Judgment was entered against Mona in the amount of $484,614.30 on March 31, 2021. (Dkt. 107.)

1

Mona filed a notice of appeal on April 23, 2021 (Dkt. 108), but did not perfect the appeal, which was dismissed effective August 6, 2021. (Dkt. 144.) This Court, however, stayed execution on the judgment pending resolution of Mona's counterclaims. (*See* Dkt. 152 ¶ 4.) The Court dismissed those counterclaims with prejudice on August 22, 2023. (Dkt. 233.) That same day, the Clerk of Court entered judgment to that effect. (Dkt. 234.) Mona did not appeal.

Several months earlier, on April 12, 2023, Mona filed a motion to vacate the monetary judgment and dismiss Microbot's claims based on lack of standing under Article III of the Constitution. (Dkt. 220.) That motion remains pending. On November 30, 2023, Mona moved to stay enforcement of the money judgment against him pending this Court's decision on the motion to vacate. (Dkt. 241.) The standing issue presented by Mona – what constitutes concrete injury under § 16(b) – currently is pending in a fully-briefed appeal before the Second Circuit in *Packer ex rel. 1-800-Flowers.com, Inc. v. Raging Capital Management, LLC*, No. 23-367 (2d. Cir. March 15, 2023), that likely will be dispositive here.

**Discussion**

Pursuant to Federal Rule of Civil Procedure 62(b), "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." Fed. R. Civ. P. 62(b). Mona's motion papers make no mention of a bond or willingness to post a bond or other security. And, during a case management conference held on December 14, 2023, rather than committing to posting a bond, Mona's counsel asserted that the Court has discretion to dispense with a

bond and should do so in favor of other relief, such as requiring Mona to periodically report on his finances as the Court had previously required in connection with the stay of enforcement previously granted pending determination of Mona's counterclaims.

Nothing before the Court suggests there is any basis to dispense with or lessen the bond required by Rule 62(b). Mona has not provided any evidence that he will have sufficient funds to pay the money judgment if the judgment is not vacated. And, while Microbot apparently has already been able to freeze the account through which Mona traded, that account, according to Microbot, has been depleted (through withdrawals and market losses) to the point where it could satisfy only roughly one-half of the monetary judgment.

In short, if Mona wishes to stay execution of the money judgment, he must post a bond for the full amount of the judgment. He should be allowed, however, to use money from the frozen trading account as payment for the bond.

## Conclusion

For the foregoing reasons, Mona's motion to stay execution of the money judgment is conditionally granted as follows:

(1)  Mona must post a bond in the full amount of the money judgment by December 29, 2023, with an application for the Court's approval of the bond.

(2)  If Mona chooses to post a bond for the full amount, he must so inform Microbot in writing by December 20, 2023, and may then use funds from the frozen trading account (along with other funds) to do so, and Microbot shall cooperate as necessary to unfreeze the account funds for that sole purpose. Mona must not use funds from the account for any other purpose.

(3)  If Mona chooses not to post a bond for the full amount of the money judgment, or fails to timely provide a bond suitable for the Court's approval, then no stay will take effect.

The Clerk of court is respectfully directed to terminate the motion at Dkt. 241.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated:  December 15, 2023
        New York, New York