```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MICROBOT MEDICAL, INC.,                                     :
                                                            :   19-CV-3782 (GBD) (RWL)
                                Plaintiff,                  :
                                                            :
                - against -                                 :   REPORT & RECOMMENDATION:
                                                            :   POST-JUDGMENT INTEREST
JOSEPH MONA,                                                :
                                                            :
                                Defendant.                  :
------------------------------------------------------------X
```

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

The parties dispute the start date for post-judgment interest on the judgment entered on behalf of Plaintiff Microbot Medical, Inc. ("Microbot") against Defendant Joseph Mona ("Mona") in the amount of $484,614.30. Mona argues that post-judgment interest runs from March 31, 2021, at a rate of .07% interest, while Microbot argues that interest runs from August 22, 2023, at a rate of 5.36%. Microbot's calculation results in post-judgment interest in the amount of $42,042, while Mona's calculation results in an amount under $1,500.[1] The correct date and rate are those advanced by Microbot.

## Background

This is a short-swing profits case in which Microbot sued Mona pursuant to § 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78p(b), alleging that Mona was required to disgorge profits from his purchase and sale of securities during a period of less than six months when he became a beneficial owner of more than 10% of Microbot securities. On March 30, 2021, the Court granted Microbot's motion for judgment on the

---

[1] Mona's calculation using .07% interest from March 31, 2021, is $1,358.35. (Dkt. 304 at 3.) Microbot's calculation using the same rate and date is $1,436.30. (Dkt. 301 at 3 n.1.)

1

pleadings. (Dkt. 106.) Judgment was entered against Mona in the amount of $484,614.30 on March 31, 2021 (the "2021 Judgment").[2] (Dkt. 107.) A writ of execution issued on May 3, 2021.

On May 26, 2021, Mona moved to quash execution on the 2021 Judgment. (Dkt. 121.) Mona argued that the 2021 Judgment was not a final judgment and could not be certified as appealable pursuant to Federal Rule of Civil Procedure 54(b) because the Court had yet to fully resolve Mona's counterclaims. (Dkt. 122 at 2; *see also* Dkt. 183 at 24 (transcript of June 16, 2021 oral argument).) The Court granted Mona's motion and stayed execution on the judgment pending resolution of Mona's counterclaims. (*See* Dkt. 152 ¶ 4; Dkt. 183 at 29-30.) As a consequence, Mona asserted, "Plaintiff cannot execute on the judgment." (Dkt. 131.) When Microbot unsuccessfully moved for reconsideration, Mona argued that there was no sound justification for Rule 54(b) certification and that, due to Mona's counterclaim, it was "premature … to determine the exact amount of any damages award." (Dkt. 133 at 2; *see also* Dkt. 134 (order denying reconsideration).)

On August 22, 2023, the Court dismissed Mona's counterclaim with prejudice. (Dkt. 233.) That same day, the Clerk of Court entered judgment to that effect (the "2023 Judgment"). (Dkt. 234.) On October 3, 2023, the Clerk of Court entered a writ of execution of judgment in favor of Microbot against Mona in the amount of $484,614.30. Mona once again moved to stay execution, this time based on his then-pending motion to vacate on standing grounds. (Dkts. 241-42.) The Court granted the motion, subject to Mona's posting a bond in the amount of $484,614.30. (Dkt. 245 at 3.) Mona delayed in

---

[2] Mona filed a notice of appeal on April 23, 2021 (Dkt. 108), but did not perfect the appeal, which was dismissed effective August 6, 2021. (Dkt. 144.)

posting a bond, during which time Microbot took steps toward enforcing the judgment. (*See, e.g.*, Dkts. 246, 250, 259, 267, 270, 274, 278, 282.) On March 5, 2024, the Court denied Mona's motion to vacate. (Dkt. 265.) Ten days later, Mona filed a notice of appeal. (Dkt. 268.) Mona filed a fully executed appeal bond on May 8, 2024. (Dkt. 291.)

The Second Circuit Court of Appeals denied Mona's appeal on January 22, 2025, with the Mandate issued on February 28, 2025. (Dkt. 298.) The bond posted by Mona in the amount of $484,614.30 was paid to Microbot by the bond agent on March 14, 2025. (Dkt. 301 at 2.) On June 2, 2025, the Supreme Court denied Mona's petition for a writ of certiorari. *See* Supreme Court Order List 605 (June 2, 2025), https://www.supremecourt.gov/orders/ordersofthecourt/24 (last visited Aug. 26, 2025). On August 5, 2025, Microbot moved for partial satisfaction of judgment in the amount of $484,614.30. (Dkt. 301.) Microbot also sought confirmation, as the unpaid balance, post-judgment interest in the amount of $42,042 – calculated from the date of the 2023 Judgment through the date of payment of judgment on March 14, 2025, at the rate of 5.36%.[3] Mona opposed Microbot's application with respect to the amount of post-judgment interest, arguing that the proper award should be calculated based on the date of entry of the 2021 Judgment, at the rate of .07%. (Dkt. 304.)

## Discussion

Under federal law, post-judgment interest is mandatory and "shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield … for the calendar week preceding the date of the

---

[3] Microbot also includes as unpaid balance $182.60 awarded by the Second Circuit in connection with Mona's failed appeal. The parties do not dispute Mona's obligation to pay that amount.

3

judgment … computed daily to the date of payment …, and … compounded annually." 28 U.S.C. § 1961.  The parties dispute the date of judgment for which post-judgment interest should be awarded.

"Postjudgment interest is designed to compensate the plaintiff for the delay it suffers from the time damages are reduced to an ***enforceable*** judgment to the time the defendant pays the judgment."  *Andrulonis v. United States*, 26 F.3d 1224, 1230 (2d Cir. 1994) (emphasis added) (citing, inter alia, *Kaiser Aluminum & Chemical Corp. v. Bonjorno*, 494 U.S. 827, 835-36, 110 S. Ct. 1570, 1575-76 (1990)).  Regardless, "federal courts do not have a free hand to fashion postjudgment interest awards to fit the equities of a case. Rather, postjudgment interest in federal court is a creature of statute.  Hence, when the animating principle suggests one result and the statute another, the statute controls."  *Id.*

Here, the question before the Court is which judgment is "the judgment" to which 28 U.S.C. § 1961 applies – the 2021 Judgment or the 2023 Judgment.  The statutory language provides no guidance on that subject.  The statute's "animating principle," however, does, and is not inconsistent with the statute.  As the procedural history of the case makes clear, Microbot did not have "an enforceable judgment" until August 22, 2023.  Mona successfully quashed execution on the 2021 Judgment.  As a result of Mona's own motion, Microbot could not enforce the 2021 Judgment at the time the Court entered it.  Further, Mona argued that calculation of damages that he ultimately would have to pay Microbot was "premature" because of his then pending counterclaims.  The Court agreed.  If Mona prevailed on his counterclaims, the amount he would have to pay Microbot would be reduced commensurately.  By Mona's own argument, the damages on which post-

judgment interest should be awarded could not be "ascertained in a meaningful way" until the Court resolved his counterclaims. (*See* Dkt. 304 at 2-3 (internal quotation marks omitted) (quoting *Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 104 (2d Cir. 2004)).)

Mona ignores the arguments he successfully advanced to avoid entry of a final judgment, instead focusing on arguments that Microbot unsuccessfully asserted in its attempt to secure the 2021 Judgment as a final judgment subject to enforcement. (Dkt. 304 at 1-2.) Yes, Microbot sought to have the Court certify the 2021 Judgment as final. But Mona opposed, and the Court denied Microbot's application. If any party is to be "equitably estopped," it is Mona, not Microbot. (*See id.* at 2.) Mona correctly observes that Microbot referenced the 2021 Judgment in its enforcement efforts following the 2023 Judgment, even characterizing the 2021 Judgment as the "operative § 16(b) Judgment." (Dkt. 304 at 1-2 (citing Microbot's request for Clerk's certification of judgment at Dkt. 235, Microbot's request for a pre-discovery motion conference at Dkt. 236, and Microbot's December 2024 opposition to Mona's motion to stay enforcement at Dkt. 244).) However, such statements merely reflect that the 2021 Judgment is the judgment that ***became*** final and enforceable once judgment dismissing Mona's counterclaims was entered on August 22, 2023, and the Clerk of Court issued writ of execution on October 3, 2023, in the amount of $484,614.30.

## Conclusion

For the foregoing reasons, Microbot should be awarded post-judgment interest starting from August 22, 2023, at a rate of 5.36%. To the extent not discussed above, the Court has considered the parties' arguments and found them to be either moot or without merit.

**Deadline For Filing Objections And Appellate Review**

Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days to file written objections to this Report and Recommendation.  Any party shall have fourteen (14) days to file a written response to the other party's objections.  Any such objections and responses shall be filed with the Clerk of the Court, with courtesy copies delivered to the Chambers of the Honorable George B. Daniels, United States Courthouse, 500 Pearl Street, New York, New York 10007, and to the Chambers of the undersigned, at United States Courthouse, 500 Pearl Street, New York, New York 10007.  Any request for an extension of time for filing objections must be addressed to Judge Daniels.  **Failure to file timely objections will result in a waiver of the right to object and will preclude appellate review.**

RESPECTFULLY SUBMITTED,

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated:  August 26, 2025
        New York, New York