UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
MICROBOT MEDICAL, INC.,

                    Plaintiff,

       -against-

JOSEPH MONA,

                    Defendant.
------------------------------------- x

MEMORANDUM DECISION
AND ORDER

19-cv-3782 (GBD) (RWL)

GEORGE B. DANIELS, United States District Judge:

Plaintiff Microbot Medical, Inc. ("Microbot"), brought this action against Defendant Joseph Mona ("Mona"), alleging that Mona failed to disgorge profits from his purchase and sale of securities in violation of § 16(b) of the Securities Exchange Act of 1934, as amended (the "Act"), 15 U.S.C § 78p(b). (Compl., ECF No. 1.) Before this Court is Magistrate Judge Robert W. Lehrburger's August 26, 2025 Report and Recommendation ("Report") recommending that Microbot's motion for entry of partial satisfaction of judgment be granted. (Report, ECF No. 305.) No party has filed objections to the Report. Having reviewed the Report for clear error and finding none, this Court ADOPTS the Report.

## I.  PROCEDURAL HISTORY

Microbot commenced this action on April 28, 2019. (*See* Compl.) As relevant to this order, Mona filed counterclaims under § 10(b) of the Act and SEC Rule 10b-5 on February 04, 2020. (ECF No. 59.)

On March 30, 2021, this Court adopted Magistrate Judge Lehrburger's report granting Microbot's motion for judgment on the pleadings. (ECF No. 106.) The next day, on March 31, 2021, this Court entered judgment against Mona in the amount of $484,614.30 on Microbot's

1

§16(b) claim (the "2021 Judgment"). (ECF No. 107.) On June 16, 2021, however, the Court granted Mona's motion to quash execution on the 2021 Judgment pending resolution of Mona's counterclaims. (ECF No. 152; ECF No. 183, at 29.)

Two years later, on August 22, 2023, this Court granted Microbot's motion for summary judgment and dismissed Mona's counterclaim with prejudice. (ECF No. 233.) The Clerk of Court issued a final judgment to the same effect on the same day (the "2023 Judgment"). (ECF No. 234.) On August 05, 2025, Microbot moved for partial satisfaction of judgment of the full $484,614.30 balance, arguing that the post-judgment interest for the unpaid balance be calculated from the date of the 2023 Judgment at the rate of 5.36%. (ECF No. 301.) Mona opposed Microbot's application on August 15, 2025, arguing that the proper award should be calculated from the date of the 2021 Judgment at the rate of .07%. (ECF No. 304.) On August 26, 2025, Magistrate Judge Lehrburger issued the Report recommending that Microbot's motion for entry of partial satisfaction of judgment be granted. (Report.)

## II. LEGAL STANDARDS

### A. Standard of Review for Reports and Recommendations of a Magistrate Judge

A reviewing court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When there are no objections to a magistrate judge's report, a district judge reviews the report for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006); Fed. R. Civ. P. 72(b) advisory committee's note. Clear error is present when, "upon review of the entire record, [the court is] left

with the definite and firm conviction that a mistake has been committed." *See United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation and internal quotation marks omitted).

### B.     Motion for Partial Satisfaction of Judgment for Post-Judgment Interest

Petitioners may seek post-judgment interest on the full judgment amount "from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of judgment." 28 U.S.C. § 1961(a). An "award of post-judgment interest is mandatory on award in civil cases as of the date judgment is entered." *Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996) (citing 28 U.S.C. § 1961(a)).

### III.     THE COURT ADOPTS THE REPORT

### A.     The Report Accurately Characterized Post-Judgment Interests Commencement

Magistrate Judge Lehrburger properly determined that the proper date of judgment for which post-judgment interest should be awarded to Microbot is August 22, 2023—the date this Court executed a final and enforceable judgment against Mona. "Postjudgment interest is designed to compensate the plaintiff for the delay it suffers from the time damages are reduced to an *enforceable judgment* to the time the defendant pays the judgment." *Andrulonis v. United States*, 26 F.3d 1224, 1230 (2d Cir. 1994) (emphasis added).

On August 22, 2023, this Court issued a final and enforceable judgment that dismissed Mona's §10(b) Counterclaim. Although Mona contends that the correct date of entry of judgment is March 31, 2021, it was precisely Mona's motion that quashed the execution of the 2021 Judgment and rendered it unenforceable. (ECF No. 145; ECF No. 147.) Accordingly, because Mona successfully petitioned this Court to quash the 2021 Judgment, the appropriate judgment

from which to calculate the post-judgment interest would be the final judgment on August 22, 2023, at a rate of 5.36%.

### IV.  CONCLUSION

Magistrate Judge Lehrburger's Report is ADOPTED. Plaintiff's motion for entry of Partial Satisfaction of Judgment is GRANTED. The Clerk of the Court is directed to close the case and the open motion at ECF No. 301.

Dated:  September 17, 2025
        New York, New York

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge
